UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL CELLULAR, INC.,<br><br>    Defendant. | No. 1:20-cv-01440-NONE-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, AND STAYING ACTION<br><br>(Doc. Nos. 7, 9, 10, 13, 14) |

Plaintiff Marco Acevedo filed the complaint in this action on September 8, 2020, in the Superior Court for the State of California, County of Kings. (Doc. No. 1-3.) His complaint alleges eight claims related to employment discrimination, including retaliation and wrongful termination. (*Id*.) On October 8, 2020, defendant Russell Cellular, Inc. removed the matter to the U.S. District Court for the Eastern District of California on the basis of diversity jurisdiction. (Doc. No. 1.)

On October 28, 2020, defendant filed a motion to compel arbitration which was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. Nos. 7, 11.) Plaintiff opposed the motion, arguing that another person affixed his electronic signature to the arbitration agreement, meaning the agreement was not binding, and that, in any event, the arbitration agreement is unenforceable as both procedurally and substantively unconscionable. (Doc. No. 9.)

1

On March 16, 2021, the magistrate judge filed findings and recommendations recommending that defendant's motion to compel arbitration and stay these proceedings be granted. (Doc. No. 14.) The magistrate judge found defendant had demonstrated, under the preponderance standard of evidence, that plaintiff electronically signed the arbitration agreement himself. (*Id*. at 13.) The magistrate judge further found that while a modest degree of procedural unconscionability is present here insofar as plaintiff was unable to negotiate the agreement, the agreement is not substantively unconscionable. (*Id*. at 14–18.) Taking both the procedural and substantive unconscionability analyses together, the magistrate judge found the arbitration agreement to be enforceable under the appropriate standards. (*Id*. at 18.)

The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days from the date of service. The period for filing objections has passed and no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations, filed March 16, 2021 (Doc. No. 14), are ADOPTED IN FULL;
2. Defendant's October 28, 2020 motion to compel arbitration (Doc. No. 7), is GRANTED;
3. This matter is STAYED to allow the parties to participate in arbitration; and
4. The parties shall file a joint status report within **one hundred eighty (180 days)** of the date of service of this order and every **ninety (90)** days thereafter notifying the court of the status of arbitration.

IT IS SO ORDERED.

Dated: **May 19, 2021**

_____
UNITED STATES DISTRICT JUDGE

2