# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL CELLULAR, INC.,<br><br>    Defendant. | Case No.  1:20-cv-01440-NONE-SAB<br><br>ORDER DISCHARGING NOVEMBER 24, 2021 ORDER TO SHOW CAUSE AND REQUIRING PARTIES TO FILE STATUS REPORT WITHIN NINETY DAYS<br><br>(ECF Nos. 20, 21, 22) |

    Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020.  (ECF No. 1-3.)  On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court.  (ECF No. 1.)  On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration.  (ECF No. 15.)  The parties were directed to file a status report within one hundred eighty (180) days of the date of service of the May 19, 2021 order and every ninety (90) days thereafter to notify the Court as to the status of arbitration.  (Id. at 2.)  Thus, the parties' first status report was due November 15, 2021.  On November 18, 2021, the Court issued an order noting the required status report was late and ordering the parties to file a joint status report informing the Court of the status of arbitration within five (5) days of the date of entry of that order.  (ECF No. 20.)  Because no status report was filed by the deadline, on November 24, 2021, the Court ordered the parties to show cause, within six days of entry of the order, why sanctions should not be imposed for the failure to file a status report.  (ECF No. 21.)

On November 24, 2021, the parties filed a status report and response to the order to show cause. (ECF No. 22.) The filing provides that after substituting in, new counsel for Defendant "had no indication from Plaintiff's counsel that Plaint intended to submit an arbitration demand," and that following the November 18, 2021 order, the parties met and conferred regarding a status report, but were unable to confirm until the morning of November 24, 2021, that Plaintiff did intend to submit an arbitration demand and that counsel wishes to further meet and confer about selecting an arbitrator. The parties submit that the status of arbitration is "that the parties are, as of November 24, 2021, in [the] process of attempting to jointly select an arbitrator, and counsel intend to meet and confer in that regard after December 2, 2021, due to both counsel's travel schedules between now and then." (ECF No. 22.)

Given the substantial amount of time that has lapsed since Defendant's motion to compel arbitration was granted, and despite the proffer of Defendant's counsel substituting in and the lack of communication between the parties, the Court finds the parties have not been diligent in determining if they will be entering arbitration or otherwise attempting to resolve this action. Nonetheless, the Court shall discharge the order to show cause based on the parties' filing, and order the parties to file a joint status report concerning the status of arbitration within ninety (90) days of entry of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The November 24, 2021 order to show cause (ECF No. 21) is DISCHARGED; and

2. The parties shall file a joint status report concerning the status of arbitration within ninety (90) days of entry of this order.

IT IS SO ORDERED.

Dated: **November 29, 2021**

UNITED STATES MAGISTRATE JUDGE