# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL CELLULAR, INC.,<br><br>　　　　　Defendant. | Case No.  1:20-cv-01440-JLT-SAB<br><br>ORDER REQUIRING FURTHER STATUS REPORT<br><br>(ECF No. 26) |

On May 19, 2021, the Court issued an order granting Defendant's motion to compel arbitration and stay proceedings.  (ECF No. 15.)  On November 18, 2021, the Court ordered the parties to submit a status report on the status of arbitration.  (ECF No. 20.)  The parties failed to comply with the Court's order, and it issued an order to show cause why sanctions should not be imposed for failure to file a status report.  (ECF No. 21.)  On November 24, 2021, the parties submitted a joint status report, in which they indicated that new defense counsel substituted into the case on July 8, 2021, after the Court's May 19, 2021 order, that Plaintiff's counsel had not indicated that Plaintiff intended to submit an arbitration demand, and that the parties needed to meet and confer about the selection of an arbitrator.  (ECF No. 22.)  Upon this filing, the Court discharged the order to show cause; however, the Court noted a "substantial amount of time" had lapsed since Defendant's motion to compel arbitration was granted, admonished the parties for their lack of diligence in determining if they will be entering arbitration or otherwise attempting

1

to resolve this action, and directed the parties to file another status report as to the status of the arbitration within ninety days. (ECF No. 23.)

On February 25, 2022, the parties filed a joint status report regarding the status of arbitration. (ECF No. 26.) The status report indicates — again — that defense counsel substituted into this action on July 8, 2021, after the order granting the motion to compel arbitration, and that the mutual understanding of the parties following their meet and confer on November 24, 2021 (the date they filed their last status report) was that Plaintiff's counsel did not intend to submit an arbitration demand, and that Plaintiff's counsel wished to confer about selection of an arbitrator. Apparently, the only progress the parties have made in the last ninety days occurred on the day before the instant status report deadline, in which Plaintiff's counsel proposed two arbitrators for Defendant's consideration, which Defendant was not agreeable to. The status report further proffers that Defendant will be proposing alternatives, and the parties will seek the Court's assistance with appointing an arbitrator for them if they are unable to reach a mutual agreement on an arbitrator within the next two weeks. (Id. at 2.)

The fact that the parties have failed to exercise sufficient diligence in this matter to even choose an arbitrator within the past nine months since issuance of the Court's order granting the motion to compel arbitration is not well-taken.

Accordingly, IT IS HEREBY ORDERED that the parties shall file an updated status report **no later than March 11, 2022**, indicating the status of arbitration and detailing the parties' efforts to enter arbitration or otherwise resolve this matter. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated: **February 28, 2022**

UNITED STATES MAGISTRATE JUDGE

2