# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>        Plaintiff,<br><br>    v.<br><br>RUSSELL CELLULAR, INC.,<br><br>        Defendant. | Case No.  1:20-cv-01440-JLT-SAB<br><br>ORDER REQUIRING PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE STATUS REPORT RE: ARBITRATION<br><br>**THREE-DAY DEADLINE** |

      Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020.  (ECF No. 1-3.)  On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court.  (ECF No. 1.)  On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration.  (ECF No. 15.)  The parties were directed to file a status report within one hundred eighty (180) days of the date of service of the May 19, 2021 order and every ninety (90) days thereafter to notify the Court as to the status of arbitration.  (Id. at 2.)  Thus, the parties' first status report was due November 15, 2021.

      On November 18, 2021, the Court ordered the parties to submit a status report on the status of arbitration.  (ECF No. 20.)  The parties failed to comply with the Court's order, and it issued an order to show cause why sanctions should not be imposed for failure to file a status report.  (ECF No. 21.)  On November 24, 2021, the parties submitted a joint status report, in which they indicated that new defense counsel substituted into the case on July 8, 2021, after the Court's May 19, 2021 order, that Plaintiff's counsel had not indicated that Plaintiff intended to

1  submit an arbitration demand, and that the parties needed to meet and confer about the selection
2  of an arbitrator.  (ECF No. 22.)  Upon this filing, the Court discharged the order to show cause;
3  however, the Court noted a "substantial amount of time" had lapsed since Defendant's motion to
4  compel arbitration was granted, admonished the parties for their lack of diligence in determining
5  if they will be entering arbitration or otherwise attempting to resolve this action, and directed the
6  parties to file another status report as to the status of the arbitration within ninety days.  (ECF
7  No. 23.)

8        On February 25, 2022, the parties filed a joint status report regarding the status of
9  arbitration.  (ECF No. 26.)  Noting the only progress the parties made in the last ninety days
10 occurred on the day before the status report deadline and admonishing the parties for their
11 failure to exercise sufficient diligence in this matter to even choose an arbitrator within the past
12 nine months since issuance of the Court's order granting the motion to compel arbitration, the
13 Court ordered the parties to submit an updated status report no later than March 11, 2022,
14 indicated the status of arbitration and detailing the parties' efforts to enter arbitration or
15 otherwise resolve this matter.  (ECF No. 27.)  Further, the parties were warned, again, that
16 failure to comply with the Court's order would result in the issuance of sanctions.

17       Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
18 Rules or with any order of the Court may be grounds for imposition by the Court of any and all
19 sanctions . . . within the inherent power of the Court."  The Court has the inherent power to
20 control its docket and may, in the exercise of that power, impose sanctions where appropriate,
21 including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.
22 2000).

23       At present, the parties have failed to comply with multiple court orders.  Therefore,
24 counsel for both Plaintiff and Defendant will be directed to show cause why they should not be
25 sanctioned for failing to file a joint status report or otherwise comply with the Court's February
26 28, 2022 order.  (See ECF No. 27.)

27       Based on the foregoing, IT IS HEREBY ORDERED that within **three (3) days** from the
28 date of electronic filing of this order, counsel for both Plaintiff and Defendant shall show cause

in writing why they should not be sanctioned for failing to comply with the Court's orders and timely submit a joint status report regarding the status of the arbitration.  Failure to comply with this order will result in the imposition of sanctions including but not limited to dismissal of this action.

IT IS SO ORDERED.

Dated: **March 14, 2022**

_____
UNITED STATES MAGISTRATE JUDGE