# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO, | Case No.  1:20-cv-01440-JLT-SAB |
| Plaintiff, | ORDER DISCHARGING MARCH 14, 2022 ORDER TO SHOW CAUSE, REQUIRING PLAINTIFF TO PAY SANCTIONS, AND ORDERING FURTHER JOINT STATUS REPORT |
| v. | |
| RUSSELL CELLULAR, INC., | |
| Defendant. | (ECF Nos. 27, 29, 30, 31, 32, 33) |

## I.

## BACKGROUND

On February 28, 2022, the Court, dismayed with the parties' failure to exercise sufficient diligence in this matter to choose an arbitrator within the past nine months since issuance of the Court's order granting the motion to compel arbitration, ordered the parties to submit an updated status report by March 11, 2022, demonstrating further progress in this matter.  (ECF No. 27.) The parties did not file a status report on March 11.  Accordingly, on March 14, 2022, the Court issued an order to show cause in writing why the parties should not be sanctioned for failing to comply with the Court's orders and timely submit a joint status report regarding the status of the arbitration.  (ECF No. 30.)  The parties' response to the order to show cause was due by March 17, 2022.  This was the second order of its kind.  (See also ECF No. 21.)

///

That same day, Defendant filed a unilateral status report.  (ECF No. 29.)[1]  Pursuant to Defendant's status report, following the Court's February 28, 2022 order to submit a further status report (ECF No. 27), Defense counsel, Adam Khan, attempted to meet and confer with Plaintiff's counsel, Mike Freiman, by email on March 8, 2022, at 12:23 p.m., to follow up on the matter of the arbitrator Defendant proposed on February 24, 2022, and to propose two additional arbitrators.  (ECF No. 29 at 5–7.)  Mr. Khan did not receive any response from Mr. Freiman.  (Id. at 2.)  Mr. Khan then followed up with Mr. Freiman via email on March 9, 2022, at 10:55 a.m., and March 11, 2022, at 1:54 p.m., but did not receive any response.  (Id. at 2, 4.)  Defense counsel further proffered that Defendant has received "very little cooperation from Plaintiff's counsel in selecting an arbitrator," that Defendant should not be held responsible for unilaterally progressing this matter to arbitration, and requested the Court select one of Defendant's identified potential arbitrators or alternatively, sanction Plaintiff for failure to prosecute this action.  (Id. at 2.)

On March 15, Defendant filed a declaration in response to the Court's order to show cause.  (ECF No. 31.)  Counsel, Mr. Khan, avers that he instructed his paralegal to file Defendant's unilateral status report on March 11, 2022, but was informed at 2:35 p.m. and again at 4:32 p.m. that the Court's filing system through PACER was not accepting filings.  (Id. at 2.)  Accordingly, the status report, though due on March 11, 2022, was filed by counsel's office the next business day, Monday, March 14, 2022.  (Id.)

On March 18, 2022, Plaintiff filed a declaration in response to the March 14 order to show cause.  (ECF No. 33.)  In the response, Plaintiff objects to the arbitrators proposed by Defendant.  (Id. at 3.)  Plaintiff maintains that, because the parties were unable to agree on an arbitrator, the parties' arbitration agreement requires the parties to attempt to use the arbitration lists, or if that is not successful, then to follow the legal procedures for arbitrator selection.  (Id.)  Accordingly, Plaintiff intends to file the case in arbitration and obtain a provider list from which the parties must select an arbitrator, in accordance with the parties' arbitration agreement (see

---

[1] Defendant appears to have filed its status report twice; however, the second report at ECF No. 29 includes the Exhibit A referenced by the status report, whereas ECF No. 28 does not.

Ex. B, ECF No. 33-2).  (Id. at 2–3.)  Counsel, Mr. Freiman, further avers that he responded to defense counsel on March 11, 2022, and requested that Mr. Khan add the information about the parties' intent to obtain a provider list to select an arbitrator to the status report.  (Id. at 2; Ex. A, ECF No. 33-1.)

The Court acknowledges that PACER was experiencing a system-wide service disruption that prevented electronic filings on March 11, 2022; therefore, Defendant's filing of the status report on the next business day was reasonable.  In light of the service disruption and the fact that the parties filed responses to the order to show cause (ECF Nos. 31, 33), the Court shall discharge the March 14, 2022 order to show cause.

However, the Court notes the deadline to file a response to its order to show cause was March 17, 2022.  While Defendant met this deadline, Plaintiff did not.  Plaintiff does not proffer any reason for his failure to timely file a response to the Court's order.  Nor does he proffer any explanation for his failure to timely respond to Defendants' meet and confer communications regarding proposed arbitrators.  For these reasons, the Court shall issue sanctions against Plaintiff for his failure to comply with the Court's order.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to

1    coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that

2    party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d

3    1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be

4    remedial by coercing the defendant to do what he had refused to do.").

5           Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

6    counsel or of a party to comply with these Rules or with any order of the Court may be grounds

7    for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

8    inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to

9    these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or

10   Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P.

11   42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other

12   appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in

13   lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body

14   of any Court before which the attorney has been admitted to practice."  Id.

**III.**

**DISCUSSION**

17          As previously discussed, both parties have been admonished for their failure to exercise

18   any modicum of due diligence in this matter so as to agree upon any proposed arbitrator or

19   otherwise commence arbitration proceedings pursuant to their arbitration agreement, as they

20   were ordered to do by this court over ten months ago, when the Court granted Defendant's

21   motion to compel arbitration and stay proceedings.  (ECF No. 15.)

22          Since that time, the parties have missed nearly every deadline to file a status report

23   regarding arbitration, and it appears the parties have only attempted to "meet and confer" with

24   one another about proposed arbitrators — though no agreement has yet been reached — the day

25   prior to or on the very day of a status report filing deadline.  (See ECF Nos. 20–22, 23, 26–29.)[2]

---

[2] The May 19, 2021 order staying litigation for the parties to participate in arbitration required the parties to file a
joint status report within one hundred and eighty days of the order (i.e., November 15, 2021), and every ninety days
thereafter notifying the Court of the status of arbitration.  (ECF No. 15.)  On November 18, 2021, after the parties
failed to timely file their joint status report, the Court ordered the parties to file a status report.  (ECF No. 20.)  On
November 24, 2021, when the parties still failed to file the required status report, the Court issued an order to show

1   Following their February 25, 2022 status report, which essentially indicated no new progress
2   with respect to arbitration, and noting the parties' apparent inability to assert effort in this matter
3   absent close Court supervision,  the Court ordered the parties to further meet and confer on the
4   matter and submit further status report briefing within a shortened deadline.  (ECF Nos. 26, 27.)
5   In response to this order, Mr. Khan attempted to meet and confer with Mr. Freiman via email on
6   March 8 and 9, with a final follow-up at 1:54 p.m. on March 11, apparently in a last-ditch effort
7   to obtain input from counsel on the proposed "joint" status report that was due that day, before
8   filing what ended up being Defendant's unilateral status report.  On the totality of this record, the
9   Court is strongly inclined to sanction both parties for their lack of diligence.  However, with
10  respect to the instant status report, it was only Plaintiff's conduct that crossed the murky line into
11  sanctionable conduct.

12          To be clear, the Court acknowledges the email correspondence attached to Plaintiff's
13  counsel's declaration shows Mr. Freiman *did* email defense counsel on Friday, March 11, 2022.
14  (ECF No. 33-1 at 2.)  However, the Court notes that Mr. Freiman only argues that he responded
15  to defense counsel's email on March 11; he does not maintain that he ever attempted to respond
16  to defense counsel's prior meet and confer emails on March 8 or 9, 2022.  Furthermore, as to Mr.
17  Freiman's March 11, 2022 email, the Court cannot conclude that it is remotely reasonable to
18  believe that sending an email at 3:42 p.m. on the date of the filing deadline (particularly when
19  that date is a Friday), would be received by the filing party before the report was to be finalized
20  and filed.  It was simply not appropriate to, in the eleventh hour of the filing deadline, direct the
21  attorney actually preparing and submitting the report to add new information before agreeing to
22  "authorize its filing," as any expectation that Mr. Khan would delay — at the risk of incurring
23  sanctions against his own client — to file a status report until after receiving Mr. Freiman's final

24  ────────────────────────────────────
25  cause why sanctions should not be issued for failure to comply with the Court's orders.  (ECF No. 21.)  Defendant
    then filed a status report on behalf of the parties, indicating the only instance in which the parties attempted to meet
26  and confer about selecting an arbitrator was on November 24, 2021 (after prompting by the Court's order to show
    cause), and that they had not yet agreed on an arbitrator.  (ECF No. 22.)  Indeed, at that time — over six months
27  following the Court's order to arbitrate, **neither party had proposed *any* potential arbitrators**.  The Parties' next
    status report was due on February 28, 2022.  (See ECF No. 23.)  On February 25, 2022, Defendant again filed a
28  status report on behalf of the parties, indicating Plaintiff proposed two arbitrators on February 24, 2022 — the day
    before the status report was submitted — and that Defendant rejected these proposals.  (ECF No. 26.)

5

1    approval is not reasonable.  Nor was it reasonable for Mr. Freiman to assume Mr. Khan would

2    have sufficient time to respond to such a belated communication and/or update Defendant's

3    filing prior to the court deadline that same afternoon.  This is not how the Court expects

4    attorneys appearing before it to communicate with one another.  In addition to this behavior —

5    which the Court finds unacceptable — sanctions against Plaintiff are further justified in this

6    instance because, after Defendant filed a unilateral status report, Plaintiff never filed a status

7    report of his own.  Moreover, Plaintiff's response to the order to show cause was filed after the

8    filing deadline, and the response provides no reasons for Plaintiff's failure to either adequately

9    participate in the joint status report meet and confer process or to timely respond to the Court's

10   order to show cause.  For these reasons, the Court shall sanction Plaintiff in the amount of

11   $150.00.  Payment shall be due no later than **March 28, 2022**.

12          Finally, the Court shall provide the parties one final chance to commence arbitration in

13   this matter.  Plaintiff's response to the order to show cause indicates that, pursuant to the parties'

14   arbitration agreement, since they have both proposed arbitrators which have been rejected,

15   Plaintiff must file the case in arbitration and utilize the provider's selection process.  (ECF No.

16   33-1 at 2.)  The Court is dubious that the parties have met and conferred over this matter.

17   Nonetheless, this case must progress.  Accordingly, the parties shall file a status report **within**

18   **thirty (30) days** of the filing date of this order.  If, at that time, the parties do not indicate that an

19   arbitrator has been chosen and a case has commenced in arbitration, the Court will issue

20   recommendations that this matter be unstayed and that the litigation proceed to trial.

21          However, the Court is also mindful that arbitration was ordered pursuant to Defendant's

22   motion, over Plaintiff's objection, every "joint" status report submitted by the parties has been

23   prepared by defense counsel, Plaintiff has refused to submit an arbitration demand, and Defense

24   counsel appears to have taken the first steps to initiate meet and confer discussions with counsel

25   on each occasion prior to a status report.  Thus, Defendant's complaint that it "should not be held

26   responsible for unilaterally progressing this matter to arbitration" is well-taken.  Accordingly, the

27   parties are cautioned that the Court will also be highly receptive to any motion for sanctions filed

28   within the next thirty days related to a failure to prosecute this matter.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff Marco Acevedo shall pay the Clerk of the Court $150.00 for his failure to comply with the Court's orders.  Payment is due **no later than March 28, 2022.**  Plaintiff shall file proof of payment with the Court once payment is made. If such payment and proof of payment is not timely made, additional sanctions of $150.00 per day shall issue from March 28, 2022, until full payment is received;

2.      The order to show cause issued March 14, 2022 (ECF No. 30), is DISCHARGED; and

3.      The parties SHALL file an updated joint status report on the status of arbitration **within thirty (30) days** of issuance of this order.  Failure to timely file a status report will result in the issuance of sanctions.  Failure to indicate in the status report that an arbitrator has been chosen and the case has progressed to arbitration will result in a recommendation that the instant litigation be unstayed.  Failure to prosecute, as demonstrated through a timely-filed motion for sanctions, will result in a recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated:   __March 22, 2022__

UNITED STATES MAGISTRATE JUDGE