# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL CELLULAR, INC.,<br><br>　　　　Defendant. | Case No. 1:20-cv-01440-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $150 PER DAY<br><br>(ECF No. 34) |

**I.**

**BACKGROUND**

This order issuing further sanctions follows a series of orders to show cause in this matter. The parties were ordered to arbitrate on May 19, 2021. (ECF No. 15.) The parties have not yet chosen an arbitrator to begin proceedings.

Most recently, on February 28, 2022, the Court ordered the parties to submit an updated status report by March 11, 2022. (ECF No. 27.) The parties did not file a status report on March 11; thus, the Court issued an order to show cause in writing why the parties should not be sanctioned for failing to comply with the Court's orders and timely submit a joint status report regarding the status of the arbitration. (ECF No. 30.) Defendant filed a unilateral status report. (ECF No. 29.) Plaintiff did not file a status report. Both parties filed responses to the order to show cause, and the Court discharged the order. (ECF Nos. 31, 33, 34.)

1

1    However, noting that Plaintiff failed to file a status report, timely meet the deadline to
2 respond to the order to show cause, or proffer a showing of good cause for his failure to timely
3 file a response to the Court's order, the Court issued sanctions against Plaintiff for his failure to
4 comply with the Court's order.  (ECF No. 34.)  Pursuant to the order issuing sanctions, Plaintiff
5 was ordered to pay the Clerk of the Court $150.00 for his failure to comply with the Court's
6 orders by March 28, 2022, and to file proof of payment by that time, or additional sanctions of
7 $150.00 per day would issue from March 28, 2022, until full payment was received.  A review of
8 the docket reveals no payment or proof of payment was filed on March 28, 2022.  Accordingly,
9 further sanctions are warranted.

## II.

## LEGAL STANDARD

12    The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to
13 secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To
14 effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court
15 orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ.
16 P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey
17 a scheduling or other pretrial order.

18    The Court also possesses inherent authority to impose sanctions to manage its own affairs
19 so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501
20 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all
21 others, including to protect the due and orderly administration of justice and maintain the authority
22 and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to
23 coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that
24 party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d
25 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be
26 remedial by coercing the defendant to do what he had refused to do.").

27    Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of
28 counsel or of a party to comply with these Rules or with any order of the Court may be grounds

for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

### III.
### DISCUSSION

As noted, both parties have been admonished repeatedly, and Plaintiff was specifically sanctioned for his failure to comply with the Court's most recent order.[1]  More specifically, the Court found sanctions against Plaintiff were justified in this instance because, after Defendant filed a unilateral status report, Plaintiff never filed a status report of his own; Plaintiff's response to the order to show cause was filed after the filing deadline; and the response provides no reasons for Plaintiff's failure to either adequately participate in the joint status report meet and confer process or to timely respond to the Court's order to show cause.

In the Court's order issuing sanctions, Plaintiff was given a clear deadline to pay $150.00 to the Clerk or the Court and file proof of payment by March 28, 2022, and he was warned that the failure to do so would result in the issuance of more sanctions.  Plaintiff has failed to meet his deadline; therefore, the Court shall issue more sanctions.  The instant sanctions against Plaintiff are issued and shall be paid *in addition* to the $150.00 previously assessed by the Court.  Furthermore, Plaintiff is cautioned that, if the Court finds sanctions are insufficient to compel Plaintiff's compliance with its orders, the Court shall consider recommending dismissal of this

---

[1] An explicit detailing of both parties' repeated failures to comply with this Court's orders since the parties were directed, over Plaintiff's opposition, to arbitrate this matter, was provided in the Court's March 22, 2022 order and is incorporated by reference herein.  (See ECF No. 34.)  In admonishing both parties, the Court also acknowledged Defendant's arguments that it "should not be held responsible for unilaterally progressing this matter to arbitration" where every "joint" status report submitted by the parties has been prepared by defense counsel, Plaintiff has refused to submit an arbitration demand, and Defense counsel appears to have taken the first steps to initiate meet and confer discussions with counsel on each occasion prior to a status report.

action due to failure to comply with the Court's orders.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff Marco Acevedo is FURTHER SANCTIONED for his failure to comply with the Court's March 22, 2022 order (ECF No. 34). Starting **March 29, 2022**, Plaintiff SHALL PAY the Clerk of the Court $150.00 per weekday (excluding federal holidays) until he submits payment for his prior sanctions in the amount of $150.00 and files proof of payment with the Court, in compliance with this Court's March 22, 2022 order.

2. Nothing in this order shall be construed to relieve the parties of their obligation to submit a joint status report regarding the status of arbitration by **April 21, 2022**, as also directed by the Court in its March 22, 2022 order.

IT IS SO ORDERED.

Dated:   **March 29, 2022**

UNITED STATES MAGISTRATE JUDGE