# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSSELL CELLULAR, INC.,<br><br>    Defendant. | Case No. 1:20-cv-01440-JLT-SAB<br><br>ORDER REQUIRING COUNSEL FOR PLAINTIFF TO SUBMIT STATUS REPORT AND SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE STATUS REPORT RE: ARBITRATION<br><br>**APRIL 27, 2022 DEADLINE** |

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020. (ECF No. 1-3.) On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court. (ECF No. 1.) On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration. (ECF No. 15.) Since then, the parties have failed to demonstrate diligence in moving this case forward through arbitration, and have failed to timely or appropriately submit status reports or otherwise respond to the Court's orders. The Court has imposed monetary sanctions on Plaintiff. (ECF No. 35.) The Court will not rehash this history, and the Court incorporates previous discussions and admonishments from those orders by way of reference. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36.)

On March 22, 2022, the Court discharged an order to show cause. (ECF No. 34.) In that order, the Court stated: "the Court shall provide the parties one final chance to commence arbitration in this matter." (ECF No. 34 at 6.) The Court ordered a status report to be filed on or before April 21, 2022. (Id.) The Court stated: "If, at that time, the parties do not indicate that an

1 arbitrator has been chosen and a case has commenced in arbitration, the Court will issue
2 recommendations that this matter be unstayed and that the litigation proceed to trial." (Id.)

3       On April 21, 2022, Defendant filed a status report. (ECF No. 37.) Defendant proffers
4 that: upon receipt of ECF No. 34, Plaintiff's counsel advised Defendant that they submitted a
5 request for arbitration to the American Arbitration Association ("AAA"), and advised Defendant
6 that a case manager would be contacting the parties shortly. (ECF No. 37 at 1.) Defense counsel
7 proffers that as of the date of the status report, Defense counsel had not received a copy of the
8 request Plaintiff submitted to AAA, and Defendant has not been contacted by a AAA case
9 manager regarding the arbitration, "but hopes to be contacted soon." (Id.) Defendant states that
10 once the case manager contacts the Defendant, an arbitrator will be selected from a list provided
11 by the case manager, and the parties will be able to strike names and provide a rank order
12 preference to allow the case manager to select an arbitrator agreeable to both parties. (Id. at 2.)
13 Defendant requests the Court find good cause to keep this matter stayed, and proffers the matter
14 *is* progressing to arbitration, and that an arbitrator will be chosen through the case manager
15 shortly. (Id.)

16       Finally, Defense counsel states that they "requested input from Plaintiff's counsel
17 Michael Freiman with respect to this Status Report, but received no response. Therefore,
18 Defendant is submitting this on its own behalf only." (Id.)

19       The parties have not selected an arbitrator as ordered by the Court. Despite the warning
20 from the Court that a recommendation this case be unstayed would be issued if an arbitrator was
21 not selected by the due date of the status report, the Court does not elect to make such
22 recommendation at this moment. The Court will accept the Defendant's request that this case
23 remain stayed based on the representation that they have been advised the case has been
24 submitted to AAA shortly after the last order from the Court. Defendant has exercised
25 considerably more diligence before the Court. Defendant's status report does not specify when
26 they contacted Plaintiff for input on the status report, but regardless, Plaintiff has failed to submit
27 any report to the Court by the deadline. Further, Plaintiff has not provided a copy of the AAA
28 request to Defendant. The Court shall require Plaintiff to submit a status report confirming the

submission of this matter to AAA; explaining the current status of the matter before AAA and when the next step toward proceeding into arbitration will occur; and explaining any knowledge as to any delay since the alleged submission on or about March 29, 2022.  Further, the Court shall require Plaintiff's counsel to show cause in writing why sanctions should not be imposed for the failure to file or join in a status report as the Court ordered on March 22, 2022.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that **on or before April 27, 2022**, counsel for Plaintiff only, Michael Freiman, shall submit a status report on arbitration, **and** show cause in writing why they should not be sanctioned for failing to comply with the Court's orders and timely submit or participate in the filing of a status report regarding the status of the arbitration.  Failure to comply with this order will result in the imposition of sanctions including but not limited to dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 22, 2022**

UNITED STATES MAGISTRATE JUDGE