# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL CELLULAR, INC.,<br><br>　　　　Defendant. | Case No. 1:20-cv-01440-JLT-SAB<br><br>ORDER DISCHARGING APRIL 22, 2022 ORDER TO SHOW CAUSE, AND ORDERING FURTHER JOINT STATUS REPORT<br><br>(ECF Nos. 38, 39)<br><br>**DEADLINE: MAY 13, 2022** |

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020. (ECF No. 1-3.) On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court. (ECF No. 1.) On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration. (ECF No. 15.) Since then, the parties have failed to demonstrate diligence in moving this case forward through arbitration, and have failed to timely or appropriately submit status reports or otherwise respond to the Court's orders. The Court has imposed monetary sanctions on Plaintiff. (ECF No. 35.) The Court will not rehash this history, but incorporates previous discussions and admonishments from those orders by way of reference. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36.)

On March 22, 2022, the Court discharged an order to show cause. (ECF No. 34.) In that order, the Court stated: "the Court shall provide the parties one final chance to commence arbitration in this matter." (ECF No. 34 at 6.) The Court ordered a status report to be filed on or

1  before April 21, 2022.  (Id.)  The Court stated: "If, at that time, the parties do not indicate that an
2  arbitrator has been chosen and a case has commenced in arbitration, the Court will issue
3  recommendations that this matter be unstayed and that the litigation proceed to trial."  (Id.)  On
4  April 21, 2022, Defendant filed a unilateral status report, in which it noted Plaintiff's counsel had
5  neither followed up with respect to their request for arbitration before the American Arbitration
6  Association ("AAA"), nor responded to Defendant's meet and confer attempts to prepare a joint
7  status report.  (ECF No. 37.)  Because the parties had not selected an arbitrator, they failed to
8  comply with the Court's March 22, 2022 order (ECF No. 34), thus warranting the previously
9  identified sanctions of unstaying or dismissing the matter.  Nonetheless, the Court declined to
10 recommend unstaying or dismissing the case as previously indicated, and instead issued an order
11 to show cause against Plaintiff, requiring him to submit a status report confirming the submission
12 of this matter to the AAA; explaining the current status of the matter before the AAA and when
13 the next step toward proceeding into arbitration will occur; explaining any knowledge as to any
14 delay since the alleged submission on or about March 29, 2022; and to show cause in writing
15 why sanctions should not be imposed for the failure to file or join in a status report as the Court
16 ordered on March 22, 2022.  (ECF No. 38.)

17       On April 27, 2022, Plaintiff's counsel filed a response to the order to show cause and
18 submit further status report.  (ECF No. 39.)  In his response, counsel apologized for failing to
19 participate in the last status report, confirmed this matter has been submitted for arbitration
20 before the AAA but that the AAA has not yet e-mailed the parties to commence arbitration
21 proceedings, and joined in Defendant's request that the matter remain stayed pending resolution
22 of the arbitration with the AAA.

23       The Court is satisfied that Plaintiff has responded sufficiently to discharge the order to
24 show cause.  However, it remains unclear to this Court what the status of arbitration is in this
25 matter.  While Plaintiff indicates the parties await a response from the AAA, it is not apparent
26 that either party has taken any steps to follow up with the AAA to seek timely commencement of
27 arbitration.  Therefore, the Court shall require, once more, a supplemental report from the parties
28 as to the status of arbitration and a showing of diligent attempts to commence arbitration.  The

parties are further ADMONISHED that they should not simply sit back and wait for the AAA to initiate arbitration proceedings with them, but must also reach out to the AAA and diligently pursue this matter of their own accord.

Therefore, IT IS HEREBY ORDERED that **on or before May 13, 2022**, the parties shall submit a joint status report, specifically including the following:

1. A detailed recounting of the parties' communications with the AAA demonstrating their efforts to commence arbitration proceedings, including the dates, times, and content of each purported communication, supported by either sworn affidavits or attachments of the parties' communications with the AAA on this matter; and

2. An updated status of arbitration, including but not limited to: when the AAA has indicated arbitration will commence, which arbitrator has been designated for this matter, whether any retainer agreements have been executed, etc.

3. **Failure to timely file this status report will result in the issuance of sanctions. Failure to make a demonstrable showing in the status report that the parties have diligently sought to progress this case to arbitration will result in the issuance of sanctions. In addition, the parties are cautioned that any continued failure to comply with this Court's orders will likely result in either a recommendation that the instant litigation be unstayed or that this action be dismissed in its entirety.**

IT IS SO ORDERED.

Dated: **April 28, 2022**

UNITED STATES MAGISTRATE JUDGE