# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL CELLULAR, INC.,<br><br>　　　　Defendant. | Case No. 1:20-cv-01440-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY UNTIL PLAINTIFF SUBMITS APPROPRIATE STATUS REPORT<br><br>(ECF Nos. 40, 41) |

**I.**

**BACKGROUND**

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020. (ECF No. 1-3.) On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court. (ECF No. 1.) On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration. (ECF No. 15.) Since then, the parties, though primarily Plaintiff, have failed to demonstrate diligence in moving this case forward through arbitration, and have failed to timely or appropriately submit status reports or otherwise respond to the Court's orders. The Court has imposed monetary sanctions on Plaintiff. (ECF No. 35.) The Court will not rehash this history, but incorporates previous discussions and admonishments from those orders by way of reference. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40.)

On March 22, 2022, the Court discharged an order to show cause. (ECF No. 34.) In that order, the Court stated: "the Court shall provide the parties one final chance to commence

1   arbitration in this matter." (ECF No. 34 at 6.)  The Court ordered a status report to be filed on or
2   before April 21, 2022.  (Id.)  The Court stated: "If, at that time, the parties do not indicate that an
3   arbitrator has been chosen and a case has commenced in arbitration, the Court will issue
4   recommendations that this matter be unstayed and that the litigation proceed to trial."  (Id.)  On
5   April 21, 2022, Defendant filed a unilateral status report, in which it noted Plaintiff's counsel had
6   neither followed up with respect to their request for arbitration before the American Arbitration
7   Association ("AAA"), nor responded to Defendant's meet and confer attempts to prepare a joint
8   status report.  (ECF No. 37.)  Because the parties had not selected an arbitrator, they failed to
9   comply with the Court's March 22, 2022 order (ECF No. 34), thus warranting the previously
10  identified sanctions of unstaying or dismissing the matter.  Nonetheless, the Court declined to
11  recommend unstaying or dismissing the case as previously indicated, and instead issued an order
12  to show cause against Plaintiff, requiring him to submit a status report confirming the submission
13  of this matter to the AAA; explaining the current status of the matter before the AAA and when
14  the next step toward proceeding into arbitration will occur; explaining any knowledge as to any
15  delay since the alleged submission on or about March 29, 2022; and to show cause in writing
16  why sanctions should not be imposed for the failure to file or join in a status report as the Court
17  ordered on March 22, 2022.  (ECF No. 38.)

18          On April 27, 2022, Plaintiff's counsel filed a response to the order to show cause and
19  submitted a further status report.  (ECF No. 39.)  In his response, counsel apologized for failing
20  to participate in the last status report, confirmed this matter has been submitted for arbitration
21  before the AAA but that the AAA has not yet e-mailed the parties to commence arbitration
22  proceedings, and joined in Defendant's request that the matter remain stayed pending resolution
23  of the arbitration with the AAA.  On April 28, 2022, the Court discharged the April 22, 2022
24  order to show cause, however, given it remained unclear what the status of arbitration was,
25  ordered the parties to file, on or before May 13, 2022, a further supplemental *joint* status report
26  from the parties as to the status of arbitration and a showing of diligence in commencing
27  arbitration.  (ECF No. 40.)  The Court expressly stated that the joint status report was to include
28  "a detailed recounting of the parties' communications with the AAA demonstrating their efforts

to commence arbitration proceedings, including the dates, times, and content of each purported communication, supported by either sworn affidavits or attachments of the parties' communications with the AAA on this matter," and an "updated status of arbitration, including but not limited to: when the AAA has indicated arbitration will commence, which arbitrator has been designated for this matter, [and] whether any retainer agreements have been executed." (ECF No. 40 at 3.)  The Court expressly warned the parties that the failure to timely file the report or to make a demonstrable showing that the parties have diligently sought to progress this case to arbitration would result in the issuance of sanctions, and that any continued failure to comply with the Court's orders would result in either a recommendation of dismissal, or that this action be unstayed.  (ECF No. 40 at 3.)

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

## III.

## DISCUSSION

On May 13, 2022, Defendant once again was the only party participating in the submission of a status report, despite the Court's repeated admonitions for Plaintiff to participate and follow the Court's orders.  (ECF No. 41.)  Defendant proffers that upon receipt of the Court's April 28, 2022 order, Defendant asked for Plaintiff's correspondence that Plaintiff was alleged to have sent to AAA; that in response, Plaintiff only forwarded an email and letter from AAA, but Defendant has still not received a copy of the request Plaintiff submitted to AAA; that AAA's letter dated May 3, 2022, stated it had not received payment from the Defendant, though AAA stated a "paylink" would be forthcoming for the Defendant employer to pay for the arbitration; on May 9, 2022, Defendant contacted AAA for the paylink, and AAA provided it the next day; Defendant paid the amount owed to AAA; and AAA will assign a case manager after it processes Defendant's payment and will select an arbitrator. (ECF No. 41 at 1-2.)  Further, Defendant's counsel requested input from Plaintiff's counsel with respect to the status report on May 11, 2022, however, Defendant's counsel received no response, and thus the status report is only submitted on behalf of Defendant.  (ECF No. 41 at 2.)

In the status report, Defendant additionally submits that it should not be forced to unilaterally advance this case without input from Plaintiff, as Plaintiff bears the burden of prosecuting his case.  Defendant requests that the Court recommend dismissal of this action in its

entirety based on the Court's repeated warnings to Plaintiff; that Defendant plans to file a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), by May 17, 2022, and as to that filing, Defendant states they respectfully request the Court issue an order regarding the status report after it has an opportunity to review Defendant's motion. Alternatively, Defendant request the Court find good cause to keep this matter stayed and not issue sanctions against Defendant , as they have been diligent in progressing this case forward.

Based on the Defendant's status report, Defendant is free to file, and the Court is receptive to, Defendant's potentially forthcoming motion to dismiss under Rule 41. The District Judge may or may not refer such motion to the assigned Magistrate Judge for the issuance of findings and recommendations. Thus, at this juncture, the Court finds it appropriate to issue sanctions against Plaintiff for the failure to participate in the joint status report, given the Court's express warning in the April 28, 2022 order that sanctions would be imposed for the failure to timely file or comply with the requirement to make a demonstrable showing that the parties have been diligent in progressing this case to arbitration.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Marco Acevedo is SANCTIONED for the failure to comply with the Court's April 28, 2022 order (ECF No. 40), and starting **May 16, 2022**, Plaintiff SHALL PAY the Clerk of the Court $100.00 per weekday (excluding federal holidays) until he submits a status report that provides the information requested by the Court in the April 28, 2022 order, and provides a sufficient explanation as to the most recent failure to participate in the joint scheduling report.

IT IS SO ORDERED.

Dated:   **May 16, 2022**

UNITED STATES MAGISTRATE JUDGE