# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RUSSELL CELLULAR, INC.,<br><br>　　　　Defendant. | Case No. 1:20-cv-01440-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF AND COUNSEL TO SHOW CAUSE IN WRITING AS TO WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHALL NOT BE IMPOSED AND REPORTED TO STATE BAR<br><br>(ECF Nos. 40, 41, 43)<br><br>**JUNE 3, 2022 DEADLINE** |

**I.**

**BACKGROUND**

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020. (ECF No. 1-3.) On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court. (ECF No. 1.) On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration. (ECF No. 15.) Since then, the parties, though primarily Plaintiff, have failed to demonstrate diligence in moving this case forward through arbitration, and have failed to timely or appropriately submit status reports or otherwise respond to the Court's orders. The Court has already imposed monetary sanctions on Plaintiff. (ECF No. 35.) The Court will reproduce this history again, and incorporates discussions from previous orders by way of reference. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43.) Most recently, on May 16, 2022, the Court

1

1  issued an order sanctioning Plaintiff for the failure to comply with the Court's April 28, 2022
2  order, requiring Plaintiff to pay sanctions of $100 per court day until Plaintiff submits a status
3  report that provides the information requested by the Court in the April 28, 2022 order, and until
4  Plaintiff provides a sufficient explanation as to the failure to participate in the joint scheduling
5  report that Defendant  filed on May 13, 2022.  (ECF No. 43.)

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P.

42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

## III.
## DISCUSSION

Plaintiff and his counsel have failed to respond to the Court's May 16, 2022 order, and have still not submitted a status report as ordered on April 28, 2022.  (ECF Nos. 40, 43.)  Daily sanctions began on May 16, 2022, and will reach a total amount of $1,000 on May 27, 2022.  Pursuant to California law, "a court shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)."  Cal. Bus. & Prof. Code § 6086.7(a)(3).

It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely, or otherwise failed to address it.  The Court shall afford Plaintiff and his counsel another opportunity to explain why the total sanction amount already compiled between May 16, 2022 and now, should not be imposed in total, jointly and severally against Plaintiff and his counsel.  The Court *may* accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to participate in the joint scheduling report, providing the information previously requested to be in the joint scheduling report, and sufficiently explaining the failure to respond to the Court's May 16, 2022 order.

To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on May 16, 2022, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until the May 16, 2022 order and this order is complied with.

///

///

3

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that on or before June 3, 2022, Plaintiff Marco Acevedo and counsel Michael Freiman, shall show cause in writing why the cumulative daily sanction amount set to reach $1,000 on May 27, 2022, shall not be jointly and severally imposed, why such sanction shall not be reported to the State Bar of California, and why daily sanctions shall not continue to be imposed.

IT IS SO ORDERED.

Dated: __May 27, 2022__

UNITED STATES MAGISTRATE JUDGE