# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO, | Case No. 1:20-cv-01440-JLT-SAB |
| Plaintiff, | ORDER IMPOSING TOTAL SANCTION AMOUNT OF $1,400 ON PLAINTIFF'S COUNSEL, DIRECTING CLERK OF COURT TO REPORT PLAINTIFF'S COUNSEL TO STATE BAR OF CALIFORNIA, REQUIRING COUNSEL TO REPORT TO STATE BAR, AND DISCHARGING ANY FURTHER DAILY SANCTIONS |
| v. | |
| RUSSELL CELLULAR, INC., | |
| Defendant. | |
| | (ECF Nos. 43, 46, 49) |
| | **THIRTY AND FORTY DAY DEADLINE** |

## I.

## BACKGROUND

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020. (ECF No. 1-3.) On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court. (ECF No. 1.) On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration. (ECF No. 15.) Since then, the parties, though primarily Plaintiff through counsel Michael Freiman ("Counsel" or "Mr. Freiman"), have failed to demonstrate diligence in moving this case forward through arbitration, and have failed to timely or appropriately submit status reports or otherwise respond to the Court's orders. The Court has already imposed monetary

1

sanctions on Plaintiff, and subsequently, however, Plaintiff again failed to comply with the Court's orders. The Court shall now summarize the relevant history, however, the Court also incorporates further discussions from previous orders by way of reference. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43, 46.)

When the Court stayed this matter to allow the parties to participate in arbitration, the parties were directed to file a status report within one hundred eighty (180) days of the date of service of the May 19, 2021 order and every ninety (90) days thereafter to notify the Court as to the status of arbitration. (Id. at 2.) Thus, the parties' first status report was due November 15, 2021, however, no status report was filed. On November 18, 2021, the Court ordered the parties to file a status report within five (5) days. (ECF No. 20.) On November 24, 2022, because the parties failed to file a status report, the Court issued an order to show cause why sanctions should not be imposed. (ECF No. 21.) On the same date, November 24, 2021, the parties submitted a status report indicating that counsel for Defendant "had no indication from Plaintiff's counsel that Plaintiff intended to submit an arbitration demand," and that following the November 18, 2021 order, the parties met and conferred regarding a status report, but were unable to confirm until the morning of November 24, 2021, that Plaintiff did intend to submit an arbitration demand and that counsel wishes to further meet and confer about selecting an arbitrator. (ECF No. 22.) The parties submitted that the status of arbitration was "that the parties are, as of November 24, 2021, in [the] process of attempting to jointly select an arbitrator, and counsel intend to meet and confer in that regard after December 2, 2021, due to both counsel's travel schedules between now and then." (Id) On November 29, 2021, the Court discharged the order to show cause and ordered a further status report in ninety (90) days, but found "the parties have not been diligent in determining if they will be entering arbitration or otherwise attempting to resolve this action." (ECF No. 23 at 2.)

On February 25, 2022, the parties filed a joint status report regarding the status of arbitration. (ECF No. 26.) The status report indicated — again — that defense counsel substituted into this action on July 8, 2021, after the order granting the motion to compel arbitration, and that the mutual understanding of the parties following their meet and confer on

1  November 24, 2021 (the date they filed their last status report) was that Plaintiff's counsel did
2  not intend to submit an arbitration demand, and that Plaintiff's counsel wished to confer about
3  selection of an arbitrator.  On February 29, 2022, the Court ordered the parties to file a further
4  status report on or before March 11, 2022, indicating the status of arbitration and the parties'
5  efforts to resolve the matter.  (ECF No. 27.)  The Court noted that "[a]pparently, the only
6  progress the parties had made in the last ninety days occurred on the day before the instant status
7  report deadline, in which Plaintiff's counsel proposed two arbitrators for Defendant's
8  consideration, which Defendant was not agreeable to."  (Id.)

9  The parties did not file a status report on March 11.  Accordingly, on March 14, 2022, the
10 Court issued an order to show cause in writing why the parties should not be sanctioned for
11 failing to comply with the Court's orders and timely submit a joint status report regarding the
12 status of the arbitration.  (ECF No. 30.)  The parties' response to the order to show cause was due
13 by March 17, 2022.

14 After the Court's order was signed but before it was docketed, on the same day, March
15 14, 2022, Defendant filed a unilateral status report.  (ECF No. 29.)  Pursuant to Defendant's
16 status report, following the Court's February 28, 2022 order to submit a further status report
17 (ECF No. 27), Defense counsel, Adam Khan, attempted to meet and confer with Plaintiff's
18 Counsel by email on March 8, 2022, at 12:23 p.m., to follow up on the matter of the arbitrator
19 Defendant proposed on February 24, 2022, and to propose two additional arbitrators.  (ECF No.
20 29 at 5–7.)  Mr. Khan did not receive any response from Mr. Freiman.  (Id. at 2.)  Mr. Khan then
21 followed up with Mr. Freiman via email on March 9, 2022, at 10:55 a.m., and March 11, 2022, at
22 1:54 p.m., but did not receive any response.  (Id. at 2, 4.)  Defense counsel further proffered that
23 Defendant has received "very little cooperation from Plaintiff's counsel in selecting an
24 arbitrator," that Defendant should not be held responsible for unilaterally progressing this matter
25 to arbitration, and requested the Court select one of Defendant's identified potential arbitrators or
26 alternatively, sanction Plaintiff for failure to prosecute this action.  (Id. at 2.)

27 On March 15, 2022, Defendant filed a declaration in response to the Court's March 14,
28 2022 order to show cause.  (ECF No. 31.)  Counsel, Mr. Khan, averred that he instructed his

1  paralegal to file Defendant's unilateral status report on March 11, 2022, but was informed at 2:35
2  p.m. and again at 4:32 p.m. that the Court's filing system through PACER was not accepting
3  filings.  (Id. at 2.)  Accordingly, the status report, though due on March 11, 2022, was filed by
4  counsel's office the next business day, Monday, March 14, 2022.  (Id.)

5       On March 18, 2022, Plaintiff filed a declaration in response to the March 14 order to
6  show cause.  (ECF No. 33.)  In the response, Plaintiff objected to the arbitrators proposed by
7  Defendant.  (Id. at 3.)  Plaintiff maintained that, because the parties were unable to agree on an
8  arbitrator, the parties' arbitration agreement requires the parties to attempt to use the arbitration
9  lists, or if that is not successful, then to follow the legal procedures for arbitrator selection.  (Id.)
10 Accordingly, Plaintiff stated an intent to file the case in arbitration and obtain a provider list
11 from which the parties must select an arbitrator, in accordance with the parties' arbitration
12 agreement (see Ex. B, ECF No. 33-2).  (Id. at 2–3.)  Plaintiff's Counsel further averred  that he
13 responded to defense counsel on March 11, 2022, and requested that Mr. Khan add the
14 information about the parties' intent to obtain a provider list to select an arbitrator to the status
15 report.  (Id. at 2; Ex. A, ECF No. 33-1.)

16      On March 22, 2022, the Court issued an order discharging the March 14, 2022 order to
17 show cause.  (ECF No. 34.)  The Court acknowledged that PACER was experiencing a system-
18 wide service disruption that prevented electronic filings on March 11, 2022, and therefore found
19 Defendant's filing of the status report on the next business day was reasonable.  However, the
20 Court noted the that while Defendant met the March 17, 2022 deadline to file a response to the
21 March 14, 2022 order to show cause, Plaintiff did not meet that deadline.  The Court noted
22 Plaintiff did not proffer any reason for his failure to timely file a response to the Court's order;
23 and did not proffer any explanation for his failure to timely respond to Defendants' meet and
24 confer communications regarding proposed arbitrators.  For those reasons, the Court issued
25 sanctions against Plaintiff in the amount of $150, due on March 28, 2022.  (ECF No. 34 at 7.)
26 The Court also stated that:

27       Finally, the Court shall provide the parties one final chance
   to commence arbitration in this matter.  Plaintiff's response to the
28     order to show cause indicates that, pursuant to the parties'

>arbitration agreement, since they have both proposed arbitrators which have been rejected, Plaintiff must file the case in arbitration and utilize the provider's selection process. (ECF No. 33-1 at 2.) The Court is dubious that the parties have met and conferred over this matter. Nonetheless, this case must progress. Accordingly, the parties shall file a status report **within thirty (30) days** of the filing date of this order. If, at that time, the parties do not indicate that an arbitrator has been chosen and a case has commenced in arbitration, the Court will issue recommendations that this matter be unstayed and that the litigation proceed to trial.
>
>However, the Court is also mindful that arbitration was ordered pursuant to Defendant's motion, over Plaintiff's objection, every "joint" status report submitted by the parties has been prepared by defense counsel, Plaintiff has refused to submit an arbitration demand, and Defense counsel appears to have taken the first steps to initiate meet and confer discussions with counsel on each occasion prior to a status report. Thus, Defendant's complaint that it "should not be held responsible for unilaterally progressing this matter to arbitration" is well-taken. Accordingly, the parties are cautioned that the Court will also be highly receptive to any motion for sanctions filed within the next thirty days related to a failure to prosecute this matter.

(Id. at 6.) The Court ordered that within thirty days, the parties were to file an updated joint status report on the status of arbitration, and the Court stated that the failure to timely file a status report would result in the issuance of sanctions; that the failure to indicate in the status report that an arbitrator had been chosen and that the case had progressed to arbitration would result in a recommendation that the instant litigation be unstayed; and finally, that failure to prosecute, as demonstrated through a timely-filed motion for sanctions, will result in a recommendation of dismissal of this action. (Id. at 7.)

Plaintiff failed to pay the $150 sanction amount by March 28, 2022. Accordingly, on March 29, 2022, the Court issued an order requiring Plaintiff to pay daily sanctions of $150 until the first $150 sanction was paid in full. (ECF No. 35.) On the same date, Plaintiff paid sanctions in the amount of $300., and on the same date, the Court issued an order discharging further sanctions. (ECF No. 36.)

On April 21, 2022, Defendant filed a status report. (ECF No. 37.) Defendant proffered that: upon receipt of ECF No. 34, Plaintiff's counsel advised Defendant that they submitted a request for arbitration to the American Arbitration Association ("AAA"), and advised Defendant that a case manager would be contacting the parties shortly. (ECF No. 37 at 1.) Defense counsel

1  proffered that as of the date of the status report, Defense counsel had not received a copy of the
2  request Plaintiff submitted to AAA, and Defendant had not been contacted by a AAA case
3  manager regarding the arbitration, "but hope[d] to be contacted soon." (Id.) Defendant
4  requested the Court find good cause to keep this matter stayed, and proffered the matter *is*
5  progressing to arbitration, and that an arbitrator would be chosen through the case manager
6  shortly. (Id.) Defense counsel states that they "requested input from Plaintiff's counsel Michael
7  Freiman with respect to this Status Report, but received no response. Therefore, Defendant is
8  submitting this on its own behalf only." (Id.)

9  In light of the filing, on April 22, 2022, the Court issued an order declining to unstay the
10 matter despite the previous warning, given Defendant's request. (ECF No. 38.) The Court stated
11 that it would require Plaintiff to submit a status report confirming the submission of this matter
12 to AAA; explaining the current status of the matter before AAA and when the next step toward
13 proceeding into arbitration will occur; and explaining any knowledge as to any delay since the
14 alleged submission on or about March 29, 2022. (Id. at 2-3.) Further, the Court ordered
15 Plaintiff's counsel to show cause in writing why sanctions should not be imposed for the failure
16 to file or join in a status report as the Court ordered on March 22, 2022. (Id. at 3.)

17 On April 27, 2022, Plaintiff's counsel filed a response to the order to show cause. (ECF
18 No. 39.) In his response, counsel apologized for failing to participate in the last status report,
19 confirmed this matter has been submitted for arbitration before the AAA but that the AAA has
20 not yet e-mailed the parties to commence arbitration proceedings, and joined in Defendant's
21 request that the matter remain stayed pending resolution of the arbitration with the AAA. Based
22 on a review of the filing, the Court discharged the order to show cause, and admonished the
23 parties for the failure to diligently pursue arbitration. (Id. at 2-3.) The Court ordered the parties
24 to submit a joint status report on or before May 13, 2022, that specifically provided the
25 following: "[a] detailed recounting of the parties' communications with the AAA demonstrating
26 their efforts to commence arbitration proceedings, including the dates, times, and content of each
27 purported communication, supported by either sworn affidavits or attachments of the parties'
28 communications with the AAA on this matter"; and "[a]n updated status of arbitration, including

but not limited to: when the AAA has indicated arbitration will commence, which arbitrator has been designated for this matter, whether any retainer agreements have been executed, etc." (Id. at 3.) The Court again warned the parties that failure to file the status report would result in the issuance of sanctions; that the failure to make a demonstrable showing in the status report that the parties have diligently sought to progress this case to arbitration would result in the issuance of sanctions; and cautioned the parties that any continued failure to comply with this Court's orders would likely result in either a recommendation that the instant litigation be unstayed or that this action be dismissed in its entirety. (Id.)

On May 13, 2022, Defendant filed a status report. (ECF No. 41.) Defendant proffered in part, that upon receipt of the Court's April 28, 2022 order, Defendant asked for Plaintiff's correspondence that Plaintiff was alleged to have sent to AAA; that in response, Plaintiff only forwarded an email and letter from AAA, but Defendant had still not received a copy of the request Plaintiff submitted to AAA; that AAA's letter dated May 3, 2022, stated it had not received payment from the Defendant, though AAA stated a "paylink" would be forthcoming for the Defendant employer to pay for the arbitration; on May 9, 2022, Defendant contacted AAA for the paylink, and AAA provided it the next day; Defendant paid the amount owed to AAA; and AAA will assign a case manager after it processes Defendant's payment and will select an arbitrator. (ECF No. 41 at 1-2.) Further, Defendant's counsel requested input from Plaintiff's counsel with respect to the status report on May 11, 2022, however, Defendant's counsel received no response, and thus the status report was only submitted on behalf of Defendant. (ECF No. 41 at 2.) Defendant additionally notified the Court of its intent to file a motion to dismiss this action for lack of prosecution. (Id.)

On May 16, 2022, the Court noted that "Defendant once again was the only party participating in the submission of a status report, despite the Court's repeated admonitions for Plaintiff to participate and follow the Court's orders." (ECF No. 43 at 4.) The Court stated:

> Based on the Defendant's status report, Defendant is free to file, and the Court is receptive to, Defendant's potentially forthcoming motion to dismiss under Rule 41. The District Judge may or may not refer such motion to the assigned Magistrate Judge for the issuance of findings and recommendations. Thus, at this

> juncture, the Court finds it appropriate to issue sanctions against Plaintiff for the failure to participate in the joint status report, given the Court's express warning in the April 28, 2022 order that sanctions would be imposed for the failure to timely file or comply with the requirement to make a demonstrable showing that the parties have been diligent in progressing this case to arbitration.

(Id. at 5.)  The Court issued an order sanctioning Plaintiff for the failure to comply with the Court's April 28, 2022 order, requiring Plaintiff to pay sanctions of $100 per court day until Plaintiff submitted a status report that provided the information requested by the Court in the April 28, 2022 order, and until Plaintiff provided a sufficient explanation as to the failure to participate in the joint scheduling report that Defendant filed on May 13, 2022.  (ECF No. 43.)

On May 16, 2022, Defendant filed a motion to dismiss this action for lack of prosecution.  (ECF No. 42.)  To date, Plaintiff has not filed an opposition to the motion to dismiss, and the deadline to do so has expired.  (ECF No. 47.)

On May 27, 2022, given no response had been filed and daily sanctions were continuing to accrue, the Court issued an order requiring Plaintiff and Plaintiff's counsel Mr. Freiman to show cause on or before June 3, 2022, as to why the cumulative daily sanction amount set to reach $1,000 on May 27, 2022, should not be jointly and severally imposed on Plaintiff and Counsel, why such sanctions should not be reported to the State Bar of California, and why daily sanctions should not continue to be imposed.  (ECF No. 46.)  On June 3, 2022, Plaintiff's counsel filed a response to the order to show cause.  (ECF No. 49.)

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs

so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions over $1,000.00 to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions over $1,000.00. Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); Rohn v. United States, No. CIV. S-00-1628FCDPAN, 2002 WL 32123927, at *3 (E.D. Cal. Aug. 27, 2002).[1]

### III.

### DISCUSSION

As the Court noted on May 27, 2022, Plaintiff and his counsel Michael Freiman ("Mr.

---

[1] The Court does not suggest federal courts are *required* to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own local rules and the State Bar of California and its Rules of Professional Conduct. See L.R. 180(e).

Freiman" or "Counsel"), had failed to respond to the Court's May 16, 2022 order, and had still not submitted a status report as ordered on April 28, 2022. (ECF No. 46 at 3.) The Court noted daily sanctions would reach a total amount of $1,000 on that day, May 27, 2022, and that when sanctions reach that amount, the Court is required to report the attorney to the State Bar of California. (Id.) The Court explained that:

> It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely, or otherwise failed to address it. The Court shall afford Plaintiff and his counsel another opportunity to explain why the total sanction amount already compiled between May 16, 2022 and now, should not be imposed in total, jointly and severally against Plaintiff and his counsel. The Court *may* accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to participate in the joint scheduling report, providing the information previously requested to be in the joint scheduling report, and sufficiently explaining the failure to respond to the Court's May 16, 2022 order.
>
> To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on May 16, 2022, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until the May 16, 2022 order and this order is complied with.

(Id.) The Court further ordered the response to show why the sanctions should not be jointly and severally imposed on Plaintiff and Counsel. (Id. at 4.)

On June 3, 2022, Mr. Freiman filed a declaration in response to the Court's May 27, 2022 order to show cause. (ECF No. 49.) In total, Counsel responds as follows: "I have been ill for the past month and approximately 2-3 weeks ago tested positive for COVID-19, which has substantially interfered with my ability to perform legal work"; "In or around this time, an attorney working with me left the practice which caused a dearth of relief"; and "I request an accommodation under any pertinent law, code, or procedure that will allow me time to find relief counsel and complete outstanding tasks when I am able to do so." (ECF No. 49 at 2.)

While the Court is routinely sympathetic and accommodating to circumstances related to parties or their counsel falling ill and the reasonable impact such would have on the litigation, the Court does not find Counsel's filing sufficient to address the May 27, 2022 order to show

1 cause, particularly given the extended history of non-compliance in this action by Counsel, that
2 the Court has summarized above.  Specifically, the Court stated it would accept a partial
3 reduction of the already accrued sanctions based on a "clear and convincing demonstration of
4 good cause."  (ECF No. 46 at 3.)  The Court does not find Counsel's proffer, devoid of specific
5 dates or factual details, to be a clear and convincing demonstration of good cause in light of the
6 history in this action.  The Court's order further required the filing to provide the information
7 that was required to be in the joint scheduling report, and Counsel did not attempt to provide any
8 such information.

9       Accordingly, given the Court's clear admonition that sanctions would continue to accrue
10 during the pendency of the response period, the fact Counsel waited until the last day of the
11 response period to provide their skeletal declaration in response, and their failure to address the
12 requirements of the Court's orders, the Court does not find good cause to grant any partial
13 reduction in the accrued sanctions amounts, and further finds insufficient cause to forego the
14 additional daily sanctions that accrued since the Court's May 27, 2022 order, and the response
15 filed on June 3, 2022.

16       Further, the Court's order specified that sanctions would continue until the order was
17 complied with.  Despite the lack of full compliance, given Counsel's current proffer of an
18 inability to participate in this action, and given there is currently a motion to dismiss this action
19 for lack of prosecution currently pending and unopposed, the Court finds it appropriate to cap the
20 sanctions amount after imposition of a final daily sanction of $100 corresponding to June 2,
21 2022, the day before Counsel submitted his response, for a total sanction amount of $1,400.  The
22 sanctions amount shall be imposed on Plaintiff's Counsel Mr. Freiman, only, given there is no
23 indication of any fault of the Plaintiff for the failure of counsel to abide by the Court's orders.

24       Further, the Court finds it appropriate, based on ethical concerns and comity with the
25 California state courts and the State Bar of California, to report Mr. Freiman to the State Bar of
26 California, and shall order Mr. Freiman to comply with his own independent obligation to report
27 the sanctions to the State Bar.  See Rohn v. United States, No. CIV. S-00-1628FCDPAN, 2002
28 WL 32123927, at *3 (E.D. Cal. Aug. 27, 2002) ("Pursuant to California Business and

Professions Code . . . counsel shall report these sanctions to the California State Bar Association . . . [and the] court shall report the sanctions imposed on counsel to the California State Bar Association."); Leads Club, Inc. v. Peterson, No. CIV. 05CV1717-J JMA, 2008 WL 186504, at *4 (S.D. Cal. Jan. 22, 2008) ("[D]isregard of court orders is wholly inappropriate and unprofessional. Such disregard implicates attorney discipline, an important state interest . . . Since the State of California has an interest in maintaining the integrity of the legal profession and thus, the attorneys that it licenses, they should be aware of [Counsel's] behavior.").

## IV.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Counsel Michael Freiman shall pay the Clerk of the Court $1,400.00 in sanctions, within thirty (30) days of entry of this order, with the sum to be paid personally, and not to be transmitted to his client by way of a charge of attorneys' fees and/or costs;

2. Pursuant to California Business and Professions Code § 6068(o)(3), Counsel shall report these sanctions to the State Bar of California within thirty (30) days of the entry of this order;

3. Not later than forty (40) days from the entry of this order, Plaintiff's Counsel shall file a declaration attesting that he has reported these sanctions to the State Bar of California;

4. Pursuant to California Business and Professions Code § 6086.7(a)(3), the Clerk of the Court is DIRECTED to report the sanctions imposed on Counsel Michael Freiman to the State Bar of California; and

///
///
///
///
///

5. Outstanding orders to show cause are DISCHARGED and Plaintiff and Counsel are relieved from any further obligation to file any written responses to the orders to show cause or provide the information regarding the joint status reports.

IT IS SO ORDERED.

Dated: __**June 9, 2022**__

UNITED STATES MAGISTRATE JUDGE