# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL CELLULAR, INC.,<br><br>    Defendant. | Case No. 1:20-cv-01440-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ORDER VACATING JUNE 22, 2022 HEARING<br><br>(ECF Nos. 42, 44, 45, 47)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

Currently before the Court is Defendant Russel Cellular, Inc.'s motion to dismiss this action for lack of prosecution and for failure to comply with the Court's orders, brought pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 42.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). The Court, having reviewed the moving papers, the lack of an opposition brief, and the Court's record, finds the matter suitable for decision without further briefing or oral argument. See Local Rule 230(c), (g). Accordingly, the hearing set for June 22, 2022, shall be vacated. For the reasons explained herein, the Court recommends Defendant's motion to dismiss for lack of prosecution be granted and this matter be dismissed with prejudice.

# II.

# BACKGROUND

### A.  Basic Procedural Background as to the Instant Motion

On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration.  (ECF No. 15.)  Since then, the parties, though primarily Plaintiff and counsel Michael Freiman ("Counsel" or "Mr. Freiman"), have failed to demonstrate diligence in moving this case forward through arbitration, and have failed to timely or appropriately submit status reports or otherwise respond to the Court's orders.

On May 16, 2022, Defendant filed a motion to dismiss this action for lack of prosecution.  (ECF No. 42.)  On May 17, 2022, the District Judge referred the motion to dismiss to the assigned Magistrate Judge for appropriate action.  (ECF No. 44.)  On May 18, 2022, the Court reset the hearing on the motion to dismiss for June 22, 2022, in Courtroom 9.  (ECF No. 45.)  On June 1, 2022, Defendant filed a notice to the Court indicating that the deadline for Plaintiff to file an opposition to the motion had expired, and no opposition had been filed.  (ECF No. 47.)  To date, Plaintiff has not filed an opposition to the motion to dismiss, and the deadline to do so has expired.

### B.  Detailed Background as to Previous Orders to Show Cause, Failure to File Status Reports, and Sanctions Issued to Plaintiff and Plaintiff's Counsel

The Court shall now summarize the relevant history, however, the Court also incorporates further discussions from previous orders by way of reference.  (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43, 46.)

Plaintiff initiated this action in state court on September 8, 2020.  (ECF No. 1-3.)  On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court.  (ECF No. 1.)  On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration.  (ECF No. 15.)  When the Court stayed this matter to allow the parties to participate in arbitration, the parties were directed to file a status report within one hundred eighty (180) days of the date of service of the May 19, 2021 order and every ninety (90) days thereafter to notify the Court as to the status of arbitration.  (Id. at 2.)  Thus, the parties' first status report was due November 15,

1  2021, however, no status report was filed by the deadline.

2  On November 18, 2021, the Court ordered the parties to file a status report within five (5) days. (ECF No. 20.) On November 24, 2022, because the parties failed to respond to file a status report, the Court issued an order to show cause why sanctions should not be imposed. (ECF No. 21.) On the same date, November 24, 2021, the parties submitted a status report indicating that counsel for Defendant "had no indication from Plaintiff's counsel that Plaintiff intended to submit an arbitration demand," and that following the November 18, 2021 order, the parties met and conferred regarding a status report, but were unable to confirm until the morning of November 24, 2021, that Plaintiff did intend to submit an arbitration demand and that counsel wishes to further meet and confer about selecting an arbitrator. (ECF No. 22.) The parties submitted that the status of arbitration was "that the parties are, as of November 24, 2021, in [the] process of attempting to jointly select an arbitrator, and counsel intend to meet and confer in that regard after December 2, 2021, due to both counsel's travel schedules between now and then." (Id) On November 29, 2021, the Court discharged the order to show cause and ordered a further status report in ninety (90) days, but found "the parties have not been diligent in determining if they will be entering arbitration or otherwise attempting to resolve this action." (ECF No. 23 at 2.)

On February 25, 2022, the parties filed a joint status report regarding the status of arbitration. (ECF No. 26.) The status report indicated again that defense counsel substituted into this action on July 8, 2021, after the order granting the motion to compel arbitration, and that the mutual understanding of the parties following their meet and confer on November 24, 2021 (the date they filed their last status report) was that Plaintiff's counsel did not intend to submit an arbitration demand, and that Plaintiff's counsel wished to confer about selection of an arbitrator. On February 29, 2022, the Court ordered the parties to file a further status report on or before March 11, 2022, indicating the status of arbitration and the parties' efforts to resolve the matter. (ECF No. 27.) The Court noted that "[a]pparently, the only progress the parties had made in the last ninety days occurred on the day before the instant status report deadline, in which Plaintiff's counsel proposed two arbitrators for Defendant's consideration, which Defendant was not

3

1  agreeable to." (Id.)

2  The parties did not file a status report on March 11.  Accordingly, on March 14, 2022, the
3  Court issued an order to show cause in writing why the parties should not be sanctioned for
4  failing to comply with the Court's orders and timely submit a joint status report regarding the
5  status of the arbitration.  (ECF No. 30.)  The parties' response to the order to show cause was due
6  by March 17, 2022.  After the Court's order was signed but before it was docketed, on the same
7  day, March 14, 2022, Defendant filed a unilateral status report.  (ECF No. 29.)  Pursuant to
8  Defendant's status report, following the Court's February 28, 2022 order to submit a further
9  status report (ECF No. 27), Defense counsel, Adam Khan, attempted to meet and confer with
10 Plaintiff's Counsel by email on March 8, 2022, at 12:23 p.m., to follow up on the matter of the
11 arbitrator Defendant proposed on February 24, 2022, and to propose two additional arbitrators.
12 (ECF No. 29 at 5–7.)  Mr. Khan did not receive any response from Plaintiff's Counsel.  (Id. at 2.)
13 Mr. Khan then followed up with Plaintiff's Counsel via email on March 9, 2022, at 10:55 a.m.,
14 and March 11, 2022, at 1:54 p.m., but did not receive any response.  (Id. at 2, 4.)  Defense
15 counsel further proffered that Defendant has received "very little cooperation from Plaintiff's
16 counsel in selecting an arbitrator," that Defendant should not be held responsible for unilaterally
17 progressing this matter to arbitration, and requested the Court select one of Defendant's
18 identified potential arbitrators or alternatively, sanction Plaintiff for failure to prosecute this
19 action.  (Id. at 2.)

20  On March 15, 2022, Defendant filed a declaration in response to the Court's March 14,
21 2022 order to show cause.  (ECF No. 31.)  Defendant's counsel averred that he instructed his
22 paralegal to file Defendant's unilateral status report on March 11, 2022, but was informed at 2:35
23 p.m. and again at 4:32 p.m. that the Court's filing system through PACER was not accepting
24 filings.  (Id. at 2.)  Accordingly, the status report, though due on March 11, 2022, was filed by
25 counsel's office the next business day, Monday, March 14, 2022.  (Id.)

26  On March 18, 2022, Plaintiff filed a declaration in response to the March 14 order to
27 show cause.  (ECF No. 33.)  In the response, Plaintiff objected to the arbitrators proposed by
28 Defendant.  (Id. at 3.)  Plaintiff maintained that, because the parties were unable to agree on an

1 arbitrator, the parties' arbitration agreement required the parties to attempt to use the arbitration
2 lists, or if that is not successful, then to follow the legal procedures for arbitrator selection.  (Id.)
3 Accordingly, Plaintiff stated an intent to file the case in arbitration and obtain a provider list
4 from which the parties must select an arbitrator, in accordance with the parties' arbitration
5 agreement (see Ex. B, ECF No. 33-2).  (Id. at 2–3.)  Plaintiff's Counsel further averred  that he
6 responded to defense counsel on March 11, 2022, and requested that Mr. Khan add the
7 information about the parties' intent to obtain a provider list to select an arbitrator to the status
8 report.  (Id. at 2; Ex. A, ECF No. 33-1.)

9  On March 22, 2022, the Court issued an order discharging the March 14, 2022 order to
10 show cause. (ECF No. 34.)  The Court acknowledged that PACER was experiencing a system-
11 wide service disruption that prevented electronic filings on March 11, 2022, and therefore found
12 Defendant's filing of the status report on the next business day was reasonable.  However, the
13 Court noted the that while Defendant met the March 17, 2022 deadline to file a response to the
14 March 14, 2022 order to show cause, Plaintiff did not meet that deadline.  The Court noted
15 Plaintiff did not proffer any reason for his failure to timely file a response to the Court's order;
16 and did not proffer any explanation for his failure to timely respond to Defendants' meet and
17 confer communications regarding proposed arbitrators.  For those reasons, the Court issued
18 sanctions against Plaintiff in the amount of $150, due on March 28, 2022.  (ECF No. 34 at 7.)
19 The Court also stated that:

> Finally, the Court shall provide the parties one final chance to commence arbitration in this matter.  Plaintiff's response to the order to show cause indicates that, pursuant to the parties' arbitration agreement, since they have both proposed arbitrators which have been rejected, Plaintiff must file the case in arbitration and utilize the provider's selection process. (ECF No. 33-1 at 2.) The Court is dubious that the parties have met and conferred over this matter.  Nonetheless, this case must progress.  Accordingly, the parties shall file a status report **within thirty (30) days** of the filing date of this order.  If, at that time, the parties do not indicate that an arbitrator has been chosen and a case has commenced in arbitration, the Court will issue recommendations that this matter be unstayed and that the litigation proceed to trial.
>
> However, the Court is also mindful that arbitration was ordered pursuant to Defendant's motion, over Plaintiff's objection, every "joint" status report submitted by the parties has been

>      prepared by defense counsel, Plaintiff has refused to submit an arbitration demand, and Defense counsel appears to have taken the first steps to initiate meet and confer discussions with counsel on each occasion prior to a status report.  Thus, Defendant's complaint that it "should not be held responsible for unilaterally progressing this matter to arbitration" is well-taken. Accordingly, the parties are cautioned that the Court will also be highly receptive to any motion for sanctions filed within the next thirty days related to a failure to prosecute this matter.

(Id. at 6.)  The Court ordered that within thirty days, the parties were to file an updated joint status report on the status of arbitration, and the Court stated that the failure to timely file a status report would result in the issuance of sanctions; that the failure to indicate in the status report that an arbitrator had been chosen and that the case had progressed to arbitration would result in a recommendation that the instant litigation be unstayed; and finally, that failure to prosecute, as demonstrated through a timely-filed motion for sanctions, would result in a recommendation of dismissal of this action. (Id. at 7.)

Plaintiff failed to pay the $150 sanction amount by March 28, 2022. Accordingly, on March 29, 2022, the Court issued an order requiring Plaintiff to pay daily sanctions of $150 until the first $150 sanction was paid in full. (ECF No. 35.) On the same date, Plaintiff paid sanctions in the amount of $300, and on the same date, the Court issued an order discharging further sanctions. (ECF No. 36.)

On April 21, 2022, Defendant filed a status report. (ECF No. 37.) Defendant proffered that: upon receipt of ECF No. 34, Plaintiff's counsel advised Defendant that they submitted a request for arbitration to the American Arbitration Association ("AAA"), and advised Defendant that a case manager would be contacting the parties shortly. (ECF No. 37 at 1.) Defense counsel proffered that as of the date of the status report, Defense counsel had not received a copy of the request Plaintiff submitted to AAA, and Defendant had not been contacted by a AAA case manager regarding the arbitration, "but hope[d] to be contacted soon." (Id.) Defendant requested the Court find good cause to keep this matter stayed, and proffered the matter *is* progressing to arbitration, and that an arbitrator would be chosen through the case manager shortly. (Id.) Defense counsel stated that they "requested input from Plaintiff's counsel Michael Freiman with respect to this Status Report, but received no response. Therefore, Defendant is

1    submitting this on its own behalf only." (Id.)

2        In light of the filing, on April 22, 2022, the Court issued an order declining to unstay the
3    matter despite the previous warning, given Defendant's request. (ECF No. 38.) The Court stated
4    that it would require Plaintiff to submit a status report confirming the submission of this matter
5    to AAA; explaining the current status of the matter before AAA and when the next step toward
6    proceeding into arbitration will occur; and explaining any knowledge as to any delay since the
7    alleged submission on or about March 29, 2022. (Id. at 2-3.) Further, the Court ordered
8    Plaintiff's counsel to show cause in writing why sanctions should not be imposed for the failure
9    to file or join in a status report as the Court ordered on March 22, 2022. (Id. at 3.)

10       On April 27, 2022, Plaintiff's counsel filed a response to the order to show cause. (ECF
11   No. 39.) In his response, counsel apologized for failing to participate in the last status report,
12   confirmed this matter has been submitted for arbitration before the AAA but that the AAA has
13   not yet e-mailed the parties to commence arbitration proceedings, and joined in Defendant's
14   request that the matter remain stayed pending resolution of the arbitration with the AAA. Based
15   on a review of the filing, the Court discharged the order to show cause, and admonished the
16   parties for the failure to diligently pursue arbitration. (ECF No. 40 at 2-3.) The Court ordered
17   the parties to submit a joint status report on or before May 13, 2022, that specifically provided
18   the following: "[a] detailed recounting of the parties' communications with the AAA
19   demonstrating their efforts to commence arbitration proceedings, including the dates, times, and
20   content of each purported communication, supported by either sworn affidavits or attachments of
21   the parties' communications with the AAA on this matter"; and "[a]n updated status of
22   arbitration, including but not limited to: when the AAA has indicated arbitration will commence,
23   which arbitrator has been designated for this matter, whether any retainer agreements have been
24   executed, etc." (Id. at 3.) The Court again warned the parties that failure to file the status report
25   would result in the issuance of sanctions; that the failure to make a demonstrable showing in the
26   status report that the parties have diligently sought to progress this case to arbitration would
27   result in the issuance of sanctions; and cautioned the parties that any continued failure to comply
28   with this Court's orders would likely result in either a recommendation that the instant litigation

be unstayed or that this action be dismissed in its entirety.  (Id.)

On May 13, 2022, Defendant filed a status report.  (ECF No. 41.)  Defendant proffered in part, that upon receipt of the Court's April 28, 2022 order, Defendant asked for Plaintiff's correspondence that Plaintiff was alleged to have sent to AAA; that in response, Plaintiff only forwarded an email and letter from AAA, but Defendant had still not received a copy of the request Plaintiff submitted to AAA; that AAA's letter dated May 3, 2022, stated it had not received payment from the Defendant, though AAA stated a "paylink" would be forthcoming for the Defendant employer to pay for the arbitration; on May 9, 2022, Defendant contacted AAA for the paylink, and AAA provided it the next day; Defendant paid the amount owed to AAA; and AAA will assign a case manager after it processes Defendant's payment and will select an arbitrator.  (ECF No. 41 at 1-2.)  Further, Defendant's counsel requested input from Plaintiff's counsel with respect to the status report on May 11, 2022, however, Defendant's counsel received no response, and thus the status report was only submitted on behalf of Defendant.  (ECF No. 41 at 2.)  Defendant additionally notified the Court of its intent to file a motion to dismiss this action for lack of prosecution.  (Id.)

On May 16, 2022, the Court noted that "Defendant once again was the only party participating in the submission of a status report, despite the Court's repeated admonitions for Plaintiff to participate and follow the Court's orders."  (ECF No. 43 at 4.)  The Court stated:

> Based on the Defendant's status report, Defendant is free to file, and the Court is receptive to, Defendant's potentially forthcoming motion to dismiss under Rule 41.  The District Judge may or may not refer such motion to the assigned Magistrate Judge for the issuance of findings and recommendations.  Thus, at this juncture, the Court finds it appropriate to issue sanctions against Plaintiff for the failure to participate in the joint status report, given the Court's express warning in the April 28, 2022 order that sanctions would be imposed for the failure to timely file or comply with the requirement to make a demonstrable showing that the parties have been diligent in progressing this case to arbitration.

(Id. at 5.)  The Court issued an order sanctioning Plaintiff for the failure to comply with the Court's April 28, 2022 order, requiring Plaintiff to pay sanctions of $100 per court day until Plaintiff submitted a status report that provided the information requested by the Court in the

1  April 28, 2022 order, and until Plaintiff provided a sufficient explanation as to the failure to
2  participate in the joint scheduling report that Defendant filed on May 13, 2022. (ECF No. 43.)

3       On May 16, 2022, Defendant filed the instant motion to dismiss this action for lack of
4  prosecution. (ECF No. 42.) To date, Plaintiff has not filed an opposition to the motion to
5  dismiss, and the deadline to do so has expired. (ECF No. 47.)

6       On May 27, 2022, given no response had been filed and daily sanctions were continuing
7  to accrue, the Court issued an order requiring Plaintiff and Plaintiff's counsel Mr. Freiman to
8  show cause on or before June 3, 2022, as to why the cumulative daily sanction amount set to
9  reach $1,000 on May 27, 2022, should not be jointly and severally imposed on Plaintiff and
10 Counsel, why such sanctions should not be reported to the State Bar of California, and why daily
11 sanctions should not continue to be imposed. (ECF No. 46.) The Court explained that:

> It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and counsel may have neglected to read the order entirely, or otherwise failed to address it. The Court shall afford Plaintiff and his counsel another opportunity to explain why the total sanction amount already compiled between May 16, 2022 and now, should not be imposed in total, jointly and severally against Plaintiff and his counsel. The Court *may* accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to participate in the joint scheduling report, providing the information previously requested to be in the joint scheduling report, and sufficiently explaining the failure to respond to the Court's May 16, 2022 order.
>
> To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on May 16, 2022, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until the May 16, 2022 order and this order is complied with.

(Id.)

     On June 3, 2022, Mr. Freiman filed a declaration in response to the Court's May 27, 2022 order to show cause. (ECF No. 49.) In total, Counsel responds as follows: "I have been ill for the past month and approximately 2-3 weeks ago tested positive for COVID-19, which has substantially interfered with my ability to perform legal work"; "In or around this time, an attorney working with me left the practice which caused a dearth of relief"; and "I request an

1  accommodation under any pertinent law, code, or procedure that will allow me time to find relief
2  counsel and complete outstanding tasks when I am able to do so." (ECF No. 49 at 2.)

3  On June 8, 2022, the Court issued an order finding that Plaintiff's Counsel had not
4  demonstrated good cause to partially reduce the sanctions, and had failed to respond to the other
5  requirements of the Court's May 27, 2022 order.  (ECF No. 50.)  The Court stated that "[w]hile
6  the Court is routinely sympathetic and accommodating to circumstances related to parties or their
7  counsel falling ill and the reasonable impact such would have on the litigation, the Court does not
8  find Counsel's filing sufficient to address the May 27, 2022 order to show cause, particularly
9  given the extended history of non-compliance in this action by Counsel." (Id. at 10-11.)  The
10 Court set the total sanctions due in the amount of $1,400, ordered Plaintiff's Counsel to be
11 reported to the State Bar of California, and ordered Plaintiff's Counsel to self-report to the State
12 Bar of California.  (Id.)  Despite the lack of compliance with the May 27, 2022 order, the Court
13 nonetheless discharged further sanctions.  (Id.)

**III.**

**LEGAL STANDARD**

16 The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to
17 secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To
18 effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court
19 orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ.
20 P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey
21 a scheduling or other pretrial order.

22 The Court also possesses inherent authority to impose sanctions to manage its own affairs
23 so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501
24 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all
25 others, including to protect the due and orderly administration of justice and maintain the authority
26 and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to
27 coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that
28 party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d

1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."). The Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.

Federal Rule of Civil Procedure 41(b) provides that "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).

# IV.

# DISCUSSION

## A. Defendant's General Arguments[1]

Defendant submits that Plaintiff has repeatedly defied the Court's orders; that the Court has admonished Plaintiff and his counsel for their lack of diligence in orders following the joint status reports; and has imposed monetary sanctions against Plaintiff. Defendant contends that despite the Court's warnings to move this case into arbitration, Plaintiff's Counsel continues to delay Defendant's efforts to submit status reports, and that indicates an unwillingness to meet his burden in prosecuting this case.

First, in the notice of motion, Defendant states that it attempted to meet and confer with the Plaintiff concerning the substance of the motion to dismiss before filing with the Court, however, Plaintiff failed to respond to the Defendant's meet and confer efforts, which Defendant submits further demonstrates the continued lack of diligence in prosecuting this case. (Mot. 1-2.) Defendant highlights that previous defense counsel, before the deadline to remove this action, repeatedly attempted to meet and confer with Plaintiff's Counsel. (Decl. Victor T. Xu Supp. Mot. Compel Arbit. ("Xu Decl.") ¶¶ 3-4, ECF No. 7-2.) Defendant acknowledges that Plaintiff did agree to set up a telephone call, but on the date of the Defendant's filing deadline. (Xu Decl.; Decl. Adam Khan Supp. Mot. Dismiss ("Khan Decl.") ¶ 4, ECF No. 42-1.)[2] Mr. Xu attempted to continue to meet and confer with Plaintiff's Counsel regarding stipulating to arbitration pursuant to the arbitration agreement, but Plaintiff's Counsel never responded to Defendant's meet and confer attempt, which Defendant states forced it to file the motion to compel. (ECF No. 7-2.) Despite the apparent agreement to set up a phone call, Defendant submits that it was forced to file the motion to compel arbitration as Plaintiff never directly responded to a meet and confer letter dated October 9, 2020, and the motion to compel arbitration was filed on October 28, 2020.

---

[1] The Court incorporates the extensive factual background concerning the course of litigation in this action and the history of interactions between the parties and this Court summarized above, supra, Section II(B). The Court will nonetheless highlight certain facts in the moving papers that are emphasized, or are not included in the Court's direct procedural history recited above.

[2] The Court notes that the original declaration from previous counsel did not actually state that Plaintiff was willing to meet on the deadline. (Xu Decl. ¶¶ 3-4.)

(See Khan Decl. ¶¶ 3-4.)

After the motion to compel arbitration was granted, Defendant did not receive any communication from Plaintiff between May 19, 2021, and November 24, 2021. (Mot. 4; Khan Decl. ¶ 6.) After the Court ordered the parties to file a report due to their failure to do so on November 24, 2021 (ECF No. 21), Defendant highlights that it was the party that initiated the meet and confer process (Khan Decl. ¶ 7, Ex. A), and that Defendant took the responsibility of drafting and filing the joint status report. (Mot. 4; ECF No. 22).

From November 25, 2021, to February 24, 2022, Defendant submits that Plaintiff again did not communicate with Defendant. (Mot. 4; Khan Decl. ¶ 8.) Again, Defendant was the party that thereafter took the initiative of drafting and filing the status report - - Plaintiff did authorize to Defendant to file on its behalf, but Plaintiff did not provide input regarding the substance. (Mot. 4; Khan Decl. ¶ 8, Ex. B.) The Court ordered the parties to meet and confer and submit a status report by March 11, 2022, and Defendant again attempted to meet and confer on March 8, 2022, and followed up afterward. (Khan Decl. ¶ 9, Ex. B) but Plaintiff did not respond to the multiple emails until the eve of the filing deadline, after Defendant finalized its unilateral status report. (Id.) Plaintiff then did not file a status report and did not timely respond to the Court's order to show cause, and the Court issued monetary sanctions as more thoroughly summarized above. (ECF Nos. 29, 30, 31, 32, 33.) Plaintiff failed to pay the sanctions when first due, and additional sanctions were imposed. (ECF Nos. 34, 35, 36.)

On April 21, 2022, Defendant argues Plaintiff again failed to work in collaboration with Defendant to file the joint status report (ECF Nos. 34, 37, 38; Khan Decl. ¶ 10, Ex. C), and Defendant emphasizes that Plaintiff's Counsel's only stated reason for failing to comply with the order was inadvertently missing the deadline and the emails requesting participation. (ECF No. 40; Khan Decl. ¶¶ 10-11, Ex. C.) While no further sanctions issued, Defendant emphasizes the Court unambiguously warned Plaintiff and counsel that any subsequent failures to comply could result in a dismissal of this action. (ECF No. 40.)

Defendant submits that on May 11, 2022, Defendant emailed a draft of the proposed joint status report (Khan Decl. ¶ 12), and Plaintiff ignored the correspondence, forcing Defendant to

13

file another unilateral status report on May 13, 2022, which Defendant states is the fifth time in four months that Plaintiff and Plaintiff's Counsel have failed to comply with Court orders. Defendant submits the Court should dismiss pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and failure to abide by the Court's orders.

**B.     The Court finds the Factors Weigh in Favor of Dismissal**

The Ninth Circuit has stated that it "may affirm a dismissal where at least four factors support dismissal… or where at least three factors 'strongly' support dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.1998)).  Defendant argues that here, four factors weigh strongly in favor of dismissal.  The Court agrees.

1.   Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket

Defendant argues that given the presumption these factors generally favor dismissal, they clearly weigh in favor here.  Since this case was stayed for arbitration in May of 2021, it has been over a year and Plaintiff has failed to initiate arbitration.  The Court agrees that Plaintiff's actions in relation to every filing deadline appear to be "only an attempt at unsuccessfully avoiding sanctions rather than diligently prosecuting this action." (Mot. 6.)  The Court has expended significant time and resources attempting to address the prosecution of this action and the failure by Plaintiff to abide by the Court's orders and diligently move this case forward.[3]

Accordingly, in this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  This action can proceed no further without Plaintiff's compliance and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

2.    Prejudice to the Defendant

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

---

[3] The Court acknowledges that it has admonished both parties together for their lack of diligence  (ECF No. 39), however as summarized above, it has primarily been Plaintiff that has failed to prosecute this action and has failed to abide by the Court's orders.

14

1   rebuttable presumption of prejudice to the Defendant in this action.  In re Eisen, 31 F.3d 1447,
2   1452-53 (9th Cir. 1994).  The risk of prejudice to the Defendant thus weighs in favor of
3   dismissal.  This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay.  In re
4   Eisen, 31 F.3d at 1453.  Plaintiff has not filed an opposition to the instant motion and thus the
5   motion may be considered unopposed, and thus Plaintiff has failed to rebut the presumption of
6   the risk of prejudice to Defendant.[4]  Accordingly, the Court finds the risk of prejudice to the
7   Defendant also weighs in favor of dismissal.  Morris v. Morgan Stanley & Co., 942 F.2d 648,
8   651 (9th Cir. 1991) ("failure to prosecute diligently is sufficient by itself to justify a dismissal,
9   even in the absence of a showing of actual prejudice to the defendant from the failure.") (quoting
10  Anderson v. Air West, Inc., 542 F.2d 522 (9th Cir.1976)).

            3.    Public Policy in Favor of Deciding Cases on the Merits

            Defendant essentially concedes that this factor does not weigh in favor of dismissal.
    (Mot. 7.)

            The Court finds on whole, the public policy in favor of deciding cases on their merits is
    outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action
    forward.  In order for this action to proceed, Plaintiff is required to initiate arbitration, and
    comply with the Court's orders.  Despite being ordered to do so and the Court granting ample
    opportunities to rectify the noncompliance over a course of months, Plaintiff has not done so,
    and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance,
    the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders and
    failure to prosecute.

            4.    Availability of Lesser Sanctions

            Finally, a court's warning to a party that their failure to obey the court's order will result
    in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;
    Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

---

[4] As noted above, in response to the Court's own order to show cause regarding the imposition of sanctions, Plaintiff's Counsel did file a response on June 3, 2022, however, this motion remains unopposed.  (See ECF Nos. 47, 49.)  Further, the Court largely rejected Plaintiff's Counsel's declaration in light of the extensive history of noncompliance in this litigation, and the declaration did not address the motion to dismiss or lack of opposition to it.  (See ECF Nos. 49, 50.)

15

On November 24, 2021, following the parties' failure to file a joint status report, the Court warned that failure to comply with the order may result in dismissal of the action. (ECF No. 21 at 2.) On March 22, 2022, the Court expressly stated: "Failure to timely file a status report will result in the issuance of sanctions. Failure to indicate in the status report that an arbitrator has been chosen and the case has progressed to arbitration will result in a recommendation that the instant litigation be unstayed. Failure to prosecute, as demonstrated through a timely-filed motion for sanctions, will result in a recommendation of dismissal of this action." (ECF No. 34 at 7.) On April 28, 2022, the Court issued the same warning: "**the parties are cautioned that any continued failure to comply with this Court's orders will likely result in either a recommendation that the instant litigation be unstayed or that this action be dismissed in its entirety.**" (ECF No. 40 at 3 (emphasis in original).

Thus, Plaintiff had adequate warning that dismissal may result from noncompliance with the Court's orders, and the Court afforded ample opportunities to rectify the noncompliance over a course of months, and has issued numerous orders to show cause, and has already imposed lesser monetary sanctions on Plaintiff.

### 5. The Court finds the Factors Weigh in Favor of Dismissal

The Court finds that the balance of the factors weighs in favor of dismissing this action for Plaintiff's failure to comply with the Court's orders and for failure to prosecute. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43, 46, 50.) Further, this motion remains unopposed. L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party . . . A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). The Court shall recommend that Defendant's motion to dismiss for lack of prosecution be granted and this action be dismiss with prejudice.[5]

///

---

[5] Defendant does not specifically indicate that the dismissal is sought with prejudice, however, the Court finds a dismissal without prejudice to be appropriate based on the course of non-compliance and lack of prosecution of this case. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . . operates as an adjudication on the merits.").

# V.

# RECOMMENDATION AND ORDER VACATING

Plaintiff has failed to comply with the Court's orders and has failed to diligently prosecute this action. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43, 46, 50.) In considering the factors to determine if this action should be dismissed, the Court finds that the factors weigh in favor of dismissal of this action, and that this action should be dismissed with prejudice for Plaintiff's failure to obey the Court's orders, and failure to prosecute this action. Plaintiff has not filed an opposition to the Defendant's motion to dismiss.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss (ECF No. 42) be GRANTED, and this matter be dismissed with prejudice for Plaintiff's failure to comply with the Court's orders and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the hearing set for June 22, 2022, is HEREBY VACATED.

IT IS SO ORDERED.

Dated: **June 9, 2022**

UNITED STATES MAGISTRATE JUDGE