# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL CELLULAR, INC.,<br><br>　　　　Defendant. | Case No. 1:20-cv-01440-JLT-SAB<br><br>ORDER IMPOSING FURTHER DAILY SANCTIONS IN AMOUNT OF $50 TO BEGIN JULY 20, 2022 AT CLOSE OF BUSINESS<br><br>(ECF Nos. 50, 55) |

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020. (ECF No. 1-3.) On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court. (ECF No. 1.) On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration. (ECF No. 15.) Since then, the parties, though primarily Plaintiff through counsel Michael Freiman ("Counsel" or "Mr. Freiman"), failed to demonstrate diligence in moving this case forward through arbitration, and failed to timely or appropriately submit status reports or otherwise respond to the Court's orders. The Court issued numerous orders to show cause, and imposed monetary sanctions on Plaintiff and Counsel. (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43, 46.)

On June 9, 2022, the Court ordered Mr. Freiman to pay the Clerk of the Court a total sanctions amount $1,400.00, to be paid within thirty (30) days of entry of the order; to report the sanctions to the State Bar of California within thirty (30) days of entry of the order; and to file a declaration attesting to reporting to the State Bar of California within forty (40) days of entry of

1  the order. (ECF No. 50.) On July 12, 2022, because Mr. Freiman had not paid the sanctions
2  amount by the end of the thirty (30) day deadline, the Court issued an order to show cause on or
3  before July 18, 2022, as to why further sanctions should not be imposed. (ECF No. 55.) Mr.
4  Freiman did not respond to the July 12, 2022 order. Additionally, the forty (40) day deadline to
5  file a declaration regarding reporting to the State Bar of California has expired and Mr. Freiman
6  has filed no such declaration.

7  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
8  Rules or with any order of the Court may be grounds for imposition by the Court of any and all
9  sanctions . . . within the inherent power of the Court." The Court has the inherent power to
10 control its docket and may, in the exercise of that power, impose sanctions where appropriate,
11 including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.
12 2000).

13 The Court is concerned that counsel has not filed anything in this action since June 3,
14 2022, when Mr. Freiman declared he was suffering from COVID-19. (ECF No. 49.) This case
15 was subsequently closed for lack of prosecution. (ECF Nos. 52, 53, 54.) The Court shall impose
16 further sanctions, but the sanctions will not continue to accrue until close of business of July 20,
17 2022. Counsel is warned contempt hearings may follow if the sanctions are not paid.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that counsel for Plaintiff, Michael Freiman, shall pay previous sanctions in the amount of $1,400, plus an additional $50 sanction shall be imposed and due for each day the Court is open and that the total sanction amount has not been paid, and a declaration regarding reporting to the State Bar of California is not filed, by the close of business on such day, beginning on July 20, 2022.[1]

IT IS SO ORDERED.

Dated: **July 20, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] In other words, if Mr. Freiman pays the original sanction amount of $1,400 and files the declaration before the close of business on July 20, 2022, whether or not in response to this order, that will be the final amount due. If paid on July 21, 2022, before close of business, he shall pay $1,450. If he pays on July 22, 2022, before close of business, he shall pay $1,500, and so on.

3