# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>RUSSELL CELLULAR, INC.,<br><br>    Defendant. | Case No.  1:20-cv-01440-JLT-SAB<br><br>ORDER REQUIRING MICHAEL FREIMAN TO SHOW CAUSE WHY FURTHER SANCTIONS SHOULD NOT BE IMPOSED, WHY HE SHOULD NOT BE HELD IN CONTEMPT, AND WHY HE SHOULD NOT BE DISBARRED FROM THE EASTERN DISTRICT OF CALIFORNIA<br><br>(ECF Nos. 50, 55)<br><br>**SEVEN DAY DEADLINE** |

**I.**

**BACKGROUND**

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020.  (ECF No. 1-3.)  On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court.  (ECF No. 1.)  On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration.  (ECF No. 15.)  Since then, the parties, though primarily Plaintiff through counsel Michael Freiman ("Counsel" or "Mr. Freiman"), failed to demonstrate diligence in moving this case forward through arbitration, and failed to timely or appropriately submit status reports or otherwise respond to the Court's orders.  The Court issued numerous orders to show cause, and imposed monetary sanctions on Plaintiff and Counsel.  (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43, 46.)

On June 9, 2022, the Court ordered Mr. Freiman to pay the Clerk of the Court a total sanctions amount $1,400.00, to be paid within thirty (30) days of entry of the order; to report the sanctions to the State Bar of California within thirty (30) days of entry of the order; and to file a declaration attesting to reporting to the State Bar of California within forty (40) days of entry of the order.  (ECF No. 50.)  On the same date, the Court also issued findings and recommendations that this action be dismissed for failure to prosecute.  (ECF No. 51.)

On July 12, 2022, because Mr. Freiman had not paid the sanctions amount by the end of the thirty (30) day deadline, the Court issued an order to show cause on or before July 18, 2022, as to why further sanctions should not be imposed.  (ECF No. 55.)  Mr. Freiman did not respond to the July 12, 2022 order, and additionally, the forty (40) day deadline to file a declaration regarding reporting to the State Bar of California expired and Mr. Freiman filed no such declaration.  Therefore, on July 20, 2022, the Court issued an order imposing further daily sanctions.  (ECF No. 56.)  Therein, the Court noted it was "concerned that counsel has not filed anything in this action since June 3, 2022, when Mr. Freiman declared he was suffering from COVID-19."  (Id. at 2.)  The Court also noted that subsequently this case was closed.  (Id.)  The Court decided to impose further sanctions, but did not have the sanctions begin accruing until the close of business on July 20, 2022, despite Mr. Freiman not submitting anything between June 9, 2022, and July 20, 2022.  (Id.)  Specifically, the Court ordered that Mr. Freiman pay the previous sanctions amount of $1,400.00, plus an additional $50 sanction for each day the Court is open and that the total sanction amount had not been paid, and a declaration to the State of California has not been filed.  (Id. at 3.)  The Court additionally added a footnote to make the amount of sanctions due on a given date clear, stating: "In other words, if Mr. Freiman pays the original sanction amount of $1,400 and files the declaration before the close of business on July 20, 2022, whether or not in response to this order, that will be the final amount due.  If paid on July 21, 2022, before close of business, he shall pay $1,450.  If he pays on July 22, 2022, before close of business, he shall pay $1,500, and so on."  (Id. at 3 n.1.)

On March 15, 2023, Mr. Frieman paid the Court $1,400.00 in sanctions.  No other filings have been made.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to "secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.  Local Rule 180(e) provides: "Every member of the Bar of this Court, and any attorney permitted to practice in this Court under (b), shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto, which are hereby adopted as standards of professional conduct in this Court." L.R. 180(e).

Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for

1 contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and
2 opportunity to show cause to the contrary, take any other appropriate disciplinary action against
3 the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate
4 Judge may refer the matter to the disciplinary body of any Court before which the attorney has
5 been admitted to practice." Id.

6 "Courts have the ability to address the full range of litigation abuses through their
7 inherent powers." F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc., 244 F.3d 1128,
8 1136 (9th Cir. 2001). "While it is preferable that courts utilize the range of federal rules and
9 statutes dealing with misconduct and abuse of the judicial system, courts may rely upon their
10 inherent powers to sanction bad faith conduct even where such statutes and rules are in place."
11 Id. at 1136–37.

## III.

## DISCUSSION

On March 15, 2023, Mr. Freiman paid $1,400.00 to the Court, but not the total amount due under the $50 per day additional sanction. Mr. Freiman also did not file a declaration attesting to compliance with the Court's order to file a declaration regarding reporting to the State Bar of California. Therefore, Mr. Freiman is still in non-compliance with the Court's July 20, 2022, order imposing further sanctions, nor the Court's June 9, 2022 order. (ECF Nos. 50, 56.) In the Court's July 20, 2022 order, the Court further warned Mr. Freiman that "contempt hearings may follow if the sanctions are not paid." (ECF No. 56 at 2.) By the Court's calculation, it appears if Mr. Freiman were to make a payment on March 16, 2023, he would owe an additional amount of $8,050.00.

Therefore, the Court shall issue an order to show cause why further sanctions should not be imposed for the failure to comply with the Court's orders, why Mr. Freiman should not be held in contempt, and why Mr. Freiman should not be disbarred from practicing in the Eastern District of California.

///

///

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that within **seven (7) days** of entry of this order, Mr. Freiman shall show cause in writing as to why further sanctions should not be imposed for the failure to comply with the Court's orders dated June 9, 2022, and July 20, 2022; why Mr. Freiman should not be held in contempt; and why Mr. Freiman should not be disbarred from practicing in the Eastern District of California.

IT IS SO ORDERED.

Dated:   **March 16, 2023**

UNITED STATES MAGISTRATE JUDGE

5