# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO,<br><br>           Plaintiff,<br><br>      v.<br><br>RUSSELL CELLULAR, INC.,<br><br>           Defendant. | Case No.  1:20-cv-01440-JLT-SAB<br><br>ORDER GRANTING REQUEST TO SEAL AND REQUIRING DOCUMENTS TO BE PROVIDED TO COURT'S SEALED DOCUMENT EMAIL WITHIN THREE DAYS<br><br>(ECF No. 58)<br><br>**THREE DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020.  (ECF No. 1-3.)  On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court. (ECF No. 1.)  On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration.  (ECF No. 15.)   Since then, the parties, though primarily Plaintiff through counsel Michael Freiman ("Counsel" or "Mr. Freiman"), failed to demonstrate diligence in moving this case forward through arbitration, and failed to timely or appropriately submit status reports or otherwise respond to the Court's orders.  The Court issued various orders to show cause, and imposed sanctions on Mr. Freiman.  Most recently, the Court issued an order to show cause on

1

March 16, 2023, directed at Mr. Freiman.  (ECF No. 57.)

Currently before the Court is Mr. Freiman's request to seal documents, in relation to the Court's most recent order to show cause.  (ECF No. 58.)  The Court issues the following order granting the request to seal.

## II.

## LEGAL STANDARD

There is a presumption in favor of public access to court records.  See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp. (Phillips), 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial records is not absolute."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Two standards govern whether documents should be sealed: a "compelling reasons" standard, and a "good cause" standard.  Id. at 1179; Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2010).  The "good cause" and "compelling reasons" standards should not be conflated; a "good cause" showing will not, without more, satisfy the "compelling reasons" test.  Kamakana, 447 F.3d at 1180.

Generally, the compelling reasons standard is applied.  See Ctr. for Auto Safety v. Chrysler Grp., LLC (Auto Safety), 809 F.3d 1092, 1096–97 (9th Cir. 2016), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016).  Under the compelling reasons standard, the party seeking to have a document sealed must articulate compelling reasons supported by specific factual findings; it must identify the interests that favor secrecy; and it must show that these specific interests outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process. Kamakana, 447 F.3d at 1179–81.  The Ninth Circuit has indicated that " 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.' "  Id. at 1179 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 & n.7 (1978)).  "[S]ources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal," as may pricing, profit, and customer usage

1    information kept confidential by a company that could be used to the company's competitive
2    disadvantage.  See Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1221–22, 1225 (Fed. Cir.
3    2013) (quoting Nixon, 435 U.S. at 597–98).  On the other hand, "[t]he mere fact that the
4    production of records may lead to a litigant's embarrassment, incrimination, or exposure to
5    further litigation will not, without more, compel the court to seal its records."  Kamakana, 447
6    F.3d at 1179 (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir.
7    2003)).  Nor is the fact that the parties have agreed to keep information confidential.  See
8    generally, Foltz, 331 F.3d 1122.  Indeed, "[s]imply mentioning a general category of privilege,
9    without any further elaboration or any specific linkage with the documents, does not satisfy the
10   burden."  Kamakana, 447 F.3d at 1184.  Rather, a party must "articulate compelling reasons
11   supported by specific factual findings."  Id. at 1178 (citations omitted).

12        The "good cause" standard is an exception that the Ninth Circuit "carved out . . . for
13   sealed materials attached to a discovery motion unrelated to the merits of a case" or documents
14   only tangentially related to the underlying cause of action.  Auto Safety, 809 F.3d at 1097; see
15   also Kamakana, 447 F.3d at 1179–80 (a "particularized showing" under the "good cause"
16   standard of Rule 26(c) will "suffice [] to warrant preserving the secrecy of sealed discovery
17   material attached to non-dispositive motions.").  While it "presents a lower burden for the party
18   wishing to seal documents than the 'compelling reasons' standard," Pintos, 605 F.3d at 678, the
19   party seeking protection nevertheless bears the burden of showing specific prejudice or harm will
20   result, Phillips, 307 F.3d at 1210–11, and must make a "particularized showing of good cause
21   with respect to any individual document," San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187
22   F.3d 1096, 1103 (9th Cir. 1999) (citations omitted).  For example, a "particularized showing" that
23   public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden" will
24   suffice to seal non-dispositive records.  Fed. R. Civ. P. 26(c)(1); Kamakana, 447 F.3d at 1180.
25   "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,"
26   however, are insufficient.  Phillips, 307 F.3d at 1211 (quoting Beckman Indus., Inc. v. Int'l Ins.
27   Co., 966 F.2d 470, 476 (9th Cir. 1992)).

28        Additionally, Local Rule 141 provides that requests to seal shall set forth: (1) the statutory

or other authority for sealing; (2) the requested duration; (3) the identity, by name or category, of persons to be permitted access to the documents; and (4) all other relevant information. E.D. Cal. L.R. 141(b). Finally, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. See, e.g., Ervine v. Warden, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Ct. of Cal., 464 U.S. 501 (1986)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. See Foltz, 331 F.3d at 1137; see also In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 425 (9th Cir. 2011) ("a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure."). "[I]f the court decides to seal certain judicial records, it must . . . articulate the factual basis for its ruling, without relying on hypothesis or conjecture.' " Kamakana, 447 F.3d at 1179 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)); see also Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

### III.

### DISCUSSION

Counsel requests to seal documents, submitted as Exhibit 1 to his request to seal, based on the Health Insurance Portability and Accountability Act ("HIPAA"), and other relevant law relating to the confidentiality of medical information. (ECF No. 58 at 1.) Exhibit 1 encompasses the declaration of Michael J. Freiman, totaling 6 pages, and Exhibits A-G attached to the declaration, totaling an additional 15 pages.

The Court finds the documents, relating to the order to show cause directed at Counsel Mr. Freiman, are at this juncture, only tangentially related to the underlying cause of action, and thus subject to the good cause standard. Auto Safety, 809 F.3d at 1097; Kamakana, 447 F.3d at 1179–80. Having reviewed the declaration and documents, supporting papers, and the Court's file, the Court is satisfied at this time that good cause exists to grant the request to seal, due to the confidential nature of the medical records and pursuant to Local Rule 141.

/ / /

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Mr. Freiman's request to seal (ECF No. 58) is GRANTED;

2. Exhibit 1 to the request to seal, shall be FILED UNDER SEAL and shall REMAIN UNDER SEAL until further order of the Court; and

3. Mr. Freiman shall e-mail Exhibit 1 to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141 within **three (3) days** of the date of entry of this order.

IT IS SO ORDERED.

Dated: __March 23, 2023__  
UNITED STATES MAGISTRATE JUDGE