**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ACEVEDO, | Case No.  1:20-cv-01440-JLT-SAB |
| Plaintiff, | ORDER DISCHARGING ALL OUTSTANDING ORDERS TO SHOW CAUSE AND ANY FURTHER OBLIGATION TO PAY SANCTIONS OR FILE DECLARATIONS RE COMPLIANCE |
| v. | |
| RUSSELL CELLULAR, INC., | |
| Defendant. | (ECF Nos. 50, 56, 57, 59) |

**I.**

**BACKGROUND**

Plaintiff Marco Acevedo initiated this action in state court on September 8, 2020.  (ECF No. 1-3.)  On October 8, 2020, Defendant Russell Cellular, Inc. removed the action to this Court.  (ECF No. 1.)  On May 19, 2021, the Court stayed this matter to allow the parties to participate in arbitration.  (ECF No. 15.)  Since then, the parties, though primarily Plaintiff through counsel Michael Freiman ("Counsel" or "Mr. Freiman"), failed to demonstrate diligence in moving this case forward through arbitration, and failed to timely or appropriately submit status reports or otherwise respond to the Court's orders.  The Court issued numerous orders to show cause, and imposed monetary sanctions on Plaintiff and Counsel.  (See ECF Nos. 20, 21, 23, 27, 30, 34, 35, 36, 38, 40, 43, 46.)

On June 9, 2022, the Court ordered Mr. Freiman to pay the Clerk of the Court a total

1 sanctions amount $1,400.00, to be paid within thirty (30) days of entry of the order; to report the
2 sanctions to the State Bar of California within thirty (30) days of entry of the order; and to file a
3 declaration attesting to reporting to the State Bar of California within forty (40) days of entry of
4 the order. (ECF No. 50.) On the same date, the Court also issued findings and recommendations
5 that this action be dismissed for failure to prosecute. (ECF No. 51.)

6       On July 12, 2022, because Mr. Freiman had not paid the sanctions amount by the end of
7 the thirty (30) day deadline, the Court issued an order to show cause on or before July 18, 2022,
8 as to why further sanctions should not be imposed. (ECF No. 55.) Mr. Freiman did not respond
9 to the July 12, 2022 order, and additionally, the forty (40) day deadline to file a declaration
10 regarding reporting to the State Bar of California expired and Mr. Freiman filed no such
11 declaration. Therefore, on July 20, 2022, the Court issued an order imposing further daily
12 sanctions. (ECF No. 56.) Therein, the Court noted it was "concerned that counsel has not filed
13 anything in this action since June 3, 2022, when Mr. Freiman declared he was suffering from
14 COVID-19." (Id. at 2.) The Court also noted that subsequently this case was closed. (Id.) The
15 Court decided to impose further sanctions, but did not have the sanctions begin accruing until the
16 close of business on July 20, 2022, despite Mr. Freiman not submitting anything between June 9,
17 2022, and July 20, 2022. (Id.) Specifically, the Court ordered that Mr. Freiman pay the previous
18 sanctions amount of $1,400.00, plus an additional $50 sanction for each day the Court is open
19 and that the total sanction amount had not been paid, and a declaration to the State of California
20 has not been filed. (Id. at 3.) The Court additionally added a footnote to make the amount of
21 sanctions due on a given date clear, stating: "In other words, if Mr. Freiman pays the original
22 sanction amount of $1,400 and files the declaration before the close of business on July 20, 2022,
23 whether or not in response to this order, that will be the final amount due. If paid on July 21,
24 2022, before close of business, he shall pay $1,450. If he pays on July 22, 2022, before close of
25 business, he shall pay $1,500, and so on." (Id. at 3 n.1.)

26       On March 15, 2023, Mr. Frieman paid the Court $1,400.00 in sanctions. No other filings
27 were made. Because the total amount due under the $50 per day additional sanction, nor a
28 declaration attesting to compliance with the Court's order to file a declaration regarding

reporting to the State Bar of California, were provided, on March 16, 2023, the Court issued another order to show cause why further sanctions should not be imposed for the failure to comply with the Court's orders, why Mr. Freiman should not be held in contempt, and why Mr. Freiman should not be disbarred from practicing in the Eastern District of California. (ECF No. 57.)

On March 17, 2023, Mr. Freiman paid an additional $8,100.00 in sanctions. On March 23, 2023, Mr. Freiman filed a request to seal a declaration and documents relating to his response to the Court's orders to show cause. (ECF No. 58.) On March 23, 2023, the Court granted the request to seal. (ECF No. 59.) On March 24, 2023, the documents were filed with the Court under seal. (ECF No. 60.)

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to "secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Local Rule 180(e) provides: "Every member of the Bar of this Court, and any attorney permitted to practice in this Court under (b), shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto, which are hereby adopted as standards of professional conduct in this Court." L.R. 180(e).

Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

"Courts have the ability to address the full range of litigation abuses through their inherent powers." F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001). "While it is preferable that courts utilize the range of federal rules and statutes dealing with misconduct and abuse of the judicial system, courts may rely upon their inherent powers to sanction bad faith conduct even where such statutes and rules are in place." Id. at 1136–37.

### III.

### DISCUSSION

Based on the Court's review of the docket, the Court is satisfied that Mr. Freiman has now complied with the Court's orders to pay monetary sanctions. Further, based on review of the declaration and documents submitted under seal, the Court considers Mr. Freiman, while not in strict compliance, has sufficiently complied with the Court's requirements related to reporting to the State Bar of California. Therefore, the Court shall discharge all outstanding orders to

show cause, and all outstanding obligations to pay monetary sanctions, or any outstanding obligation to report to the State Bar of California, imposed through orders issued in this action.

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that all outstanding orders to show cause, and any obligations to pay monetary sanctions or report to the State Bar of California, as related to orders issued in this action as to Michael Freiman (ECF Nos. 50, 55, 56, 57), are DISCHARGED.

IT IS SO ORDERED.

Dated: __March 24, 2023__

UNITED STATES MAGISTRATE JUDGE

5